STATE OF CONNECTICUT *v.* BENJAMIN BANET

BROWN, C. J., BALDWIN, INGLIS, O'SULLIVAN and CORNELL, Js.

Argued May 12—decided June 30, 1953

*David R. Lessler,* for the appellant (defendant).

*James J. O'Connell,* prosecuting attorney, for the appellee (state).

BALDWIN, J. The defendant was charged with the crime of larceny under § 8401 of the General Statutes. He was tried to the court and found guilty. The question on his appeal is whether the evidence established his guilt beyond a reasonable doubt.

The trial court could reasonably have found the following facts: The defendant was a dealer in used automobiles, doing business as the Fairfield Auto Mart, Inc. On August 15, 1950, he sold and delivered a 1940 DeSoto sedan to Wiley Dukes for $425 upon a conditional sale contract which acknowledged the receipt of $70 cash and provided for payment of the balance in twelve monthly instalments. On October 21, 1950, he sold and delivered a 1937 Hudson-Terraplane coupe to Salvatore Salvaggio for $150 upon a conditional sale contract which acknowledged the receipt of $50 in cash and provided for payment of the balance in six monthly instalments. The defendant was indebted to the Park City Auto Finance Company, hereinafter referred to as the finance company, in the amount of $7800. He had given checks in part payment of this debt which were worthless because there were insufficient funds in the bank upon which they were drawn to pay them. On December 15, 1950, the defendant met with Paul Harold, president of the finance company, in the office of Robert K. Lesser, an attorney. There, in the presence of Lesser, the defendant executed a note for the amount of the debt and, for security, indorsed and assigned to the finance company about twenty-five conditional sales contracts. Among them were the Dukes and Salvaggio contracts hereinbefore referred to. The total of the balances due on the contracts assigned was not more than $7800. Each assignment stated that "For value received the undersigned [Fairfield Auto Mart, Inc., by B. Banet] hereby assigns the conditional sales contract, hereon, to the Park City Auto Finance Co., Inc. and hereby transfers title to the motor vehicle described therein to said assignee. . . ." The defendant agreed with Harold that Lesser would hold the conditional sales con-

tracts, collect the money due on them and apply it toward the defendant's indebtedness. Lesser by letter notified Dukes and Salvaggio, among others, to make all future payments to him.

At the time the assignments of the conditional sales contracts were indorsed, the defendant and Harold discussed the execution of a written agreement covering the contracts assigned. Lesser prepared such an agreement, which had annexed to it a list of contracts. The proposed agreement contained a statement to the effect that, upon default in any of the accounts or repossession of any of the cars covered by them, the Fairfield Auto Mart would substitute another account not listed or pay over to the finance company the money realized from the repossession and sale of the car. Both the defendant and Harold refused to sign the agreement.

During the latter part of January, 1951, Salvaggio was in default in his payments and the defendant took the Hudson-Terraplane from him. Salvaggio paid the defendant $60 on account and agreed to pay the balance, and the defendant returned the car. He kept the money. In February, 1951, Dukes was in default in his payments and the defendant took the DeSoto car, had repairs made on it and advertised it for sale. Before repossessing these automobiles, the defendant notified the Bridgeport police department that he intended to repossess them. The defendant knew that he had no right to repossess the cars or to collect the money due upon the contracts for their sale. Neither Lesser nor the finance company gave him authority to do it or knew at the time that he had done it. He has never returned the cars to the finance company or turned over to it any payments collected by him.

Section 8401 of the General Statutes provides that

"[a]ny person who shall steal any money, goods or chattels, . . . if the value of the property stolen . . . shall exceed fifty dollars but shall not exceed two thousand dollars, . . . shall be imprisoned not more than five years." To support a conviction for larceny, the evidence must be sufficient to establish the essential elements of the crime charged. These are (1) the wrongful taking and carrying away of the personal property of another; (2) the existence of a felonious intent in the taker to deprive the owner of it permanently; and (3) the lack of the consent of the owner. *State* v. *Main,* 75 Conn. 55, 59, 52 A. 257; *State* v. *Sawyer,* 95 Conn. 34, 36, 110 A. 461; 2 Swift's Digest 309; 2 Wharton, Criminal Law (12th Ed.) § 1097; 1 Bishop, Criminal Law (9th Ed.) § 566; 32 Am. Jur. 883. "Felonious intent" as applied to larceny means simply that there is no color of right or excuse for the act. *State* v. *Enanno,* 96 Conn. 420, 424, 114 A. 386; *State* v. *Sawyer,* supra, 38.

The defendant admits that he took the two automobiles, offered one for sale and returned the other to the conditional vendee after collecting $60 from him and making an agreement to collect the balance due. He denies that there was any transfer of the title to these automobiles to the finance company. He asserts that he had signed the assignments before he brought them to Lesser's office and that they were changed by Lesser without his knowledge or consent. His claim is that he believed in good faith that he had a right to retake the automobiles or to collect the money due on the contracts for their sale. There was evidence before the court from which it might reasonably be found that he knew he had no such right. He had had eight years of experience in the used-car business. His indorsements on the conditional sales contracts specifically transferred title in the

automobiles to the finance company. His agreement was that the collections on the contracts were to be made by Lesser.

The defendant had no right to take the automobiles or to collect any money due on their purchase price, yet he did both without notifying Lesser or the finance company. He treated the automobiles as though they belonged to him and made no attempt to account to the finance company until he was threatened with criminal prosecution. Particularly in the light of the complainant's refusal to sign the proposed agreement to the effect that the defendant might repossess an automobile where the purchaser was in default, substitute another account, and pay over to the finance company any money received from the sale of the automobile repossessed, the court was justified in concluding that the defendant had no honest belief that he had any right to do what he did. The evidence fully warranted the court in drawing the inference from all of the actions of the defendant that he had a felonious intent to convert the automobiles to his own use without the consent of their owner. A point is made of the fact that the automobiles were taken openly and with the knowledge of the police department. The defendant obviously notified the police to forestall any complaint by Dukes or Salvaggio that the cars had been stolen. There is ample evidence from which the court could have found that the requirements essential to the crime of larceny were established.

There is no merit to the claim that the evidence was not sufficient to support a finding of guilt beyond a reasonable doubt. The proof met the test of being "wholly consistent with the defendant's guilt and inconsistent with any other rational conclusion." *State* v. *McDonough,* 129 Conn. 483, 485, 29 A.2d 582.

If the court rejected the defendant's explanation of his understanding of the agreement and his purpose in taking the automobiles and keeping the money collected, as it was warranted in doing, any reasonable hypothesis of innocence was eliminated from the case. *State* v. *Guilfoyle,* 109 Conn. 124, 139, 145 A. 761. The evidence supports the trial court's conclusion that the defendant was guilty beyond a reasonable doubt.

There is no error.

In this opinion the other judges concurred.