STATE OF CONNECTICUT *v.* SAM (INOCENZIO) ORTIZ

HOUSE, C. J., LOISELLE, BOGDANSKI, LONGO and BARBER, JS.

Argued October 7—decision released December 2, 1975

*Gary I. Cohen,* special public defender, for the appellant (defendant).

*Walter H. Scanlon,* assistant state's attorney, with whom, on the brief, was *Francis M. McDonald, Jr.,* state's attorney, for the appellee (state).

LONGO, J. The defendant, Sam Ortiz, was charged with the crime of conspiring to sell heroin,

in violation of § 53a-48 of the General Statutes;[1] and, in part two of the information, he was charged with being a second offender. Part two was subsequently nolled. On a trial to the jury, the defendant was found guilty of conspiracy and was sentenced to a term of not less than five years nor more than ten years in the custody of the commissioner of correction. The defendant appealed to this court, alleging that the trial court erred in denying his motion to set aside the verdict, which the defendant claims is not supported by the evidence and is contrary to law. Both the state and the defendant agree that the sole issue presented in this appeal is whether there was sufficient evidence from which the jury could find that the defendant had knowingly participated in an unlawful agreement to sell heroin.

Since the case was tried to the jury before the changes in the rules of appellate procedure which became effective October 1, 1974 (see Practice Book § 629 et seq.), the question whether the verdict is supported by the evidence is tested by the summary of evidence printed in the appendices to the briefs. *State* v. *Coleman,* 167 Conn. 260, 262, 355 A.2d 11; *State* v. *Mayell,* 163 Conn. 419, 421, 311 A.2d 60. The following facts appear in the appendices and are not disputed in any important aspects: On June 8, 1972, undercover narcotics agents John Ferro and Robert J. Fox, dressed in old clothes and wearing long hair and beards, drove to Phil's Restaurant on Willow Street in Waterbury. Thirty days prior to that

---

[1] "[General Statutes] Sec. 53a-48. CONSPIRACY. . . . A person is guilty of conspiracy when, with intent that conduct constituting a crime be performed, he agrees with one or more persons to engage in or cause the performance of such conduct, and any one of them commits an overt act in pursuance of such conspiracy."

date, Officer Fox had been in the restaurant, and he had received information that there was a possibility that some transactions involving narcotics had occurred there. Officer Ferro went into the restaurant and, in the course of a conversation with the defendant, the officer told Ortiz that he wanted to buy narcotics. The defendant said he could take the officer to someone who sold narcotics in the Waterbury area. The defendant joined the two officers in their car and, as Officer Fox drove, the defendant directed the agents to the corner of West Clay and South Main Streets in Waterbury. There the defendant left the car and disappeared from sight. He returned shortly, accompanied by one Santos Estrada, who stood outside the car talking with Officer Ferro through the open window, negotiating the terms of the sale of the narcotics. Estrada handed four aluminum packets to the officer, in exchange for fifty dollars. The defendant had been seated in the car, but did not take part in the negotiations and did not handle either the money or the envelope. After driving the defendant to another part of Waterbury and leaving him there, the officers field-tested the material in the four bags and found that it contained heroin.

The defendant claims that the evidence in this case does no more than establish that he knew someone who sold heroin. He relies on a recent decision in which an original conviction of conspiracy was reversed because it was not supported by sufficient evidence. *Reed* v. *Virginia,* 213 Va. 593, 194 S.E.2d 746. The facts of that case distinguish it from the one we consider here. In *Reed,* Ortiz' counterpart, Roger Reed, merely agreed to locate a seller " 'if he could find the person he usually scored from.' " *Reed* v. *Virginia,* supra,

594. What followed was a general, random search through the area. Initially, no conversation took place between Reed and the seller; the seller, on his own initiative, followed Reed and an undercover agent and approached them on the street. The seller not only sold narcotics to the agent accompanying Reed, but also attempted to sell to Reed himself, who apparently was merely one of the seller's regular customers. In the present situation, the defendant Ortiz guided the undercover agents directly to a particular person, whom he sought out and led back to the car. Ortiz was present and observed the transaction; however, the seller did not attempt to deal with him as a customer.

To establish the crime of conspiracy under § 53a-48 of the General Statutes, the state must show that there was an agreement between two or more persons to engage in conduct constituting a crime and that the agreement was followed by an overt act in furtherance of the conspiracy by any one of the conspirators. The state must also show intent on the part of the accused that conduct constituting a crime be performed. The existence of a formal agreement between the parties need not be proved; it is sufficient to show that they are "knowingly engaged in a mutual plan to do a forbidden act." *State* v. *Holmes,* 160 Conn. 140, 149, 274 A.2d 153. A conviction of the crime of conspiracy can be based on circumstantial evidence, for conspiracies, by their very nature, are formed in secret and only rarely can be proved otherwise than by circumstantial evidence. *State* v. *Holmes,* supra, 150.

The evidence will be construed in the way most favorable to sustaining the verdict rendered by the

jury, and its verdict will be set aside only where there is insufficient evidence to justify a finding of guilty beyond a reasonable doubt. *State* v. *Raffone,* 161 Conn. 117, 121, 285 A.2d 323. It is clearly the province of the jury to weigh credibility and to determine the facts and from those facts draw logical and reasonable inferences. *State* v. *Benton,* 161 Conn. 404, 410, 288 A.2d 411; Maltbie, Conn. App. Proc. §§ 71, 194. In this case, the trial court fully charged the jury on the law pertaining to inferences and circumstantial evidence, and the defendant has noted no exceptions to those parts of the charge. The evidence set out above provides a sufficient basis for supporting the conclusion by the jury that Ortiz was guilty of conspiring to sell heroin.

There is no error.

In this opinion the other judges concurred.