STATE OF CONNECTICUT *v.* DONALD HUOT

HOUSE, C. J., LOISELLE, BOGDANSKI, LONGO and BARBER, Js.

Argued January 6—decision released March 30, 1976

*Richard T. Meehan,* for the appellant (defendant).

*Thomas E. Minogue, Jr.,* assistant state's attorney, with whom, on the brief, were *Richard F. Jacobson,* assistant state's attorney, and *Donald A. Browne,* state's attorney, for the appellee (state).

BOGDANSKI, J. The defendant was charged in a two-count information with breaking and entering a public school building with intent to commit a crime therein in violation of General Statutes § 53-76 (repealed 1971), and with larceny in violation of General Statutes § 53-63 (a) (repealed 1971). A jury found the defendant not guilty of breaking and entering and not guilty of larceny, but guilty of receiving stolen property. From the judgment rendered on the verdict the defendant has appealed, assigning error in the court's charge and in its denial of his motions to set aside the verdict and for judgment notwithstanding the verdict.

The defendant first assigns error in the court's refusal to adopt the following written request to charge: "[R]ecent possession of property known to have been stolen raises a presumption that the

possessor was guilty of the theft. . . . This presumption is based upon common experience and inherent probability and therefore exhausts itself when substantial countervailing evidence is produced, leaving the fact of such possession to be considered with the other circumstances proven." *State* v. *Donnelly,* 124 Conn. 661, 663, 2 A.2d 214.

We find no merit to this claim. The court instructed the jury that "the possession of the property recently stolen, if it is unexplained and standing alone or without other facts pointing to a contrary conclusion, would justify you in drawing an inference that the possessor . . . stole the property." The court went on to explain that the soundness of the inference would be dependent upon the weight which the jurors accorded to all of the evidence presented on the issue. "Error cannot be predicated on a failure to adopt the particular language of a request to charge where the matter is adequately or fairly covered in the charge." *Nally* v. *Charbonneau,* 169 Conn. 50, 55, 362 A.2d 494; *Hally* v. *Hospital of St. Raphael,* 162 Conn. 352, 361, 294 A.2d 305. The charge fully covered the substance of the defendant's written request.

The defendant's principal claim is that the crime of receiving stolen property should not have been submitted to the jury because (1) that crime was not charged in the information, and (2) it was not a lesser included offense within the count of larceny.

General Statutes § 53-65 (repealed in 1969 by 1969 Public Act No. 828 § 214, effective October 1, 1971) read: "Any person who receives and conceals any stolen goods or articles, knowing them to be stolen, shall be prosecuted and punished as a principal, although the person who committed the theft is not

convicted thereof." Since the statute expressly authorized prosecution of a receiver as a principal in the theft, a person charged with the crime of larceny in violation of § 53-63 of the General Statutes could have been convicted on proof that he was a receiver under § 53-65. *State* v. *Palkimas,* 153 Conn. 555, 562, 219 A.2d 220. See *State* v. *Weiner,* 84 Conn. 411, 412, 418, 80 A. 198; *State* v. *Fox,* 83 Conn. 286, 291, 76 A. 302; *State* v. *Kaplan,* 72 Conn. 635, 639, 45 A. 1018. "[P]roof of guilt under the receiving statute is proof of guilt as a principal thief of the goods received." *State* v. *Palkimas,* supra; *State* v. *Kaplan,* supra. There was no need specifically to charge the defendant with a violation of the receiving statute, since that crime was within the purview of the larceny statute.[1]

In instructing the jury on the relationship between the statutes concerning larceny and receiving stolen goods, the trial court stated that the statute on larceny included within it the offense of receiving stolen goods and that a violator of the receiving statute was to be treated as though he had actually stolen the goods. Nowhere in its charge, however, did the court state that the crime of receiving stolen goods was a *lesser* included offense within the crime of larceny.

Upon conclusion of the jury's deliberations the following transpired: "The Clerk: What say you, is the prisoner at bar guilty or not guilty of the crime . . . on the first count of breaking and entering? The Foreman: Not Guilty. The Clerk: What say you, is the prisoner at bar guilty or not guilty of the crime . . . charged in the second

---

[1] It is noteworthy that our present larceny statute, General Statutes § 53a-119, specifically states that the crime of larceny includes within it the receiving of stolen property.

count of larceny? The Foreman: Not Guilty. The Clerk: What say you, is the prisoner at bar guilty or not guilty of the crime . . . that is included in the count of larceny, which is receiving stolen goods? The Foreman: Guilty."

The judgment file in this case, however, recites that after a "full hearing the case was committed to the jury which returned a verdict of 'not guilty' on the first count and 'not guilty' on the second count, but found the defendant guilty of the lesser included crime of Receiving Stolen Property . . . ."

The established test for determining whether one violation is a lesser included offense within another violation is whether it is possible to commit the greater offense without having first committed the lesser. If it is possible, the lesser offense is *not* then an included offense. In other words, the lesser offense must not require any element which is not needed to commit the greater offense. *State* v. *Brooks,* 167 Conn. 281, 355 A.2d 67; *State* v. *Cari,* 163 Conn. 174, 303 A.2d 7; *State* v. *Brown,* 163 Conn. 52, 61–62, 301 A.2d 547.

The essential elements of the crime of receiving stolen goods are: "1. The property must have been stolen. 2. It must have been received by the accused with the knowledge that it was stolen. 3. It must have been concealed within the meaning of the law. 4. It must have been received and concealed by the accused with a felonious intent." *State* v. *Pambianchi,* 139 Conn. 543, 546, 95 A.2d 695, quoting from *State* v. *Alderman,* 83 Conn. 597, 600, 78 A. 331. The elements of larceny, on the other hand, are: "(1) the wrongful taking or carrying away of the personal property of another; (2) the existence of a felonious intent in the taker to deprive

the owner of it permanently; and (3) the lack of the consent of the owner." *State* v. *Banet,* 140 Conn. 118, 122, 98 A.2d 530.

It is thus readily apparent that the essential elements of receiving stolen goods are materially different from those of the crime of theft, and that, therefore, the recital in the judgment that the crime of receiving stolen property is a "lesser included crime" within larceny is erroneous. Similarly, even though the jury did find the defendant guilty of the crime of receiving stolen property, which was included within the second count, the judgment file erroneously states that the jury returned a verdict of "not guilty" on the second count.

Since the charge of the court was correct in law, and since the verdict was not based upon the assumption that receiving stolen goods was a lesser included offense within the crime of larceny, and in view of the further fact that the jury did find the defendant "guilty" of the crime of receiving stolen property included in the second count, we conclude that an inadvertent error has occurred with respect to the form of the judgment. The judgment file should be corrected to reflect that the defendant was found guilty on the second count, and that receiving stolen property was not a lesser included offense within the crime of larceny.

There is error in the form of the judgment, it is set aside and the case is remanded with direction to render judgment as on file except as corrected to accord with this opinion.

In this opinion the other judges concurred.