STATE OF CONNECTICUT *v.* RODNEY STEVENS

COTTER, C. J., LOISELLE, BOGDANSKI, PETERS and A. HEALEY, Js.

Argued June 12—decision released August 21, 1979

*Daniel J. Hagearty,* for the appellant (defendant).

*Bernard D. Gaffney,* assistant state's attorney, with whom, on the brief, was *George D. Stoughton,* state's attorney, for the appellee (state).

ARTHUR H. HEALEY, J. The defendant was charged in a substituted information in two counts. The first count charged larceny in the first degree, in violation of General Statutes §§ 53a-122 (a) (2), 53a-119 (3) and 53a-121 (b), and the second count charged conspiracy to commit larceny in the first degree, in violation of General Statutes §§ 53a-122 (a) (2), 53a-121 (b) and 53a-48. On a trial to the jury, he was found not guilty of larceny in the first degree and guilty of conspiracy to commit larceny in the first degree. The trial court denied the defendant's motion to set aside the verdict,[1] and rendered a judgment of guilty on the conspiracy count.

On appeal, the defendant claims that the trial court erred in refusing to enter a judgment of acquittal for basically two reasons:[2] (1) the evidence was insufficient to support the verdict of guilty on the conspiracy count in light of the verdict of not guilty on the larceny count; and (2) evidence concerning certain banking transactions and statements of an alleged co-conspirator, Michael Lally, were improperly admitted into evidence.

---

[1] Although the defendant's motion was improperly entitled "Motion to Set Aside Verdict," we have construed it as a motion for acquittal. See Practice Book, 1963, §§ 2310, 762 (now Practice Book, 1978, §§ 899, 3164).

[2] The assignment of error directed to the court's charge to the jury is not briefed and is therefore deemed abandoned. *Healy* v. *White,* 173 Conn. 438, 441, 378 A.2d 540 (1977).

A brief summary of the evidence which the jury could reasonably have believed is necessary as background for our disposition of the defendant's first claim. On January 19, 1976, Michael Lally opened a checking account at the Newington branch of the Connecticut Bank and Trust Company under the business name of Promotions Unlimited and deposited fifty dollars. Between that date and February 18, 1976, when the account was closed, twelve checks were written against the account totaling $9552.89. No deposits were made in the account other than the initial deposit. In January, 1976, the defendant and Lally rented a portion of an upholstery shop on South Main Street in New Britain. They remained there for four days after which the landlord told them to vacate the premises because the check they had given him for the rent was returned for insufficient funds. On various dates in January 1976 and early February 1976, sales representatives from the A-Copy Corporation, the Smith-Corona, Marchant Corporation, the Allied Cash Register Company and the Burroughs Corporation were solicited by either Lally or the defendant concerning the purchase of certain office equipment. Sales representatives of three of these companies met with the defendant and Lally at the upholstery shop and the representative of a fourth company met them both at another New Britain location. At three of these meetings the defendant and Lally agreed to purchase certain office equipment, including a photocopy machine, an adding machine, and a cash register. At two meetings with the Burroughs representative, the defendant, who was present without Lally, informed the representative that Lally had decided to buy three calculators. One of the calculators was left with the defendant and the other

two were delivered to the South Main Street address a few days later. Although the Promotions Unlimited checks used to pay for all the purchases from each of the four companies bore only Lally's signature, the defendant was present with Lally at three meetings with the various sales representatives at which he and Lally, either orally or by their conduct, represented that they were partners in Promotions Unlimited. None of the items that were eventually delivered, which had a total value in excess of $5000, was paid for by Lally or the defendant; nor were they recovered by the companies that sold them.

## I

This brief outline of the facts presented to the jury more than adequately demonstrates that there was sufficient evidence to support the guilty verdict on the conspiracy count. The crime of conspiracy is committed when an agreement is made between two or more persons to engage in conduct constituting a crime and one of the persons performs an overt act in furtherance of the agreement. See *State* v. *Ortiz,* 169 Conn. 642, 645, 363 A.2d 1091 (1975). Although some of the evidence against the defendant was circumstantial, we have said that there is no distinction between circumstantial and direct evidence so far as probative force is concerned. See *State* v. *Cari,* 163 Conn. 174, 179, 303 A.2d 7 (1972); 30 Am. Jur. 2d, Evidence § 1091. Moreover, in a conspiracy prosecution "[t]he existence of a formal agreement between the parties need not be proved; it is sufficient to show that they are 'knowingly engaged in a mutual plan to do a forbidden act.'" *State* v. *Ortiz,* supra. See also *State* v. *Marra,* 174 Conn. 338, 344, 387 A.2d 550 (1978). The thrust of

the defendant's argument is, however, that the jury's verdict acquitting him on the larceny count created a bar to a conviction of conspiracy to commit larceny. He argues that the verdict of acquittal indicates that he did not have the requisite intent to commit larceny and that, because such an intent is an essential element of the crime of conspiracy to commit larceny, we must find error. We disagree.

The general rule, to which we subscribe, was set forth by Judge Learned Hand in *Steckler* v. *United States,* 7 F.2d 59 (2d Cir. 1925), and was confirmed by Justice Holmes in *Dunn* v. *United States,* 284 U.S. 390, 52 S. Ct. 189, 76 L. Ed. 356 (1932). The defendant in *Dunn* had been indicted on three counts. He was found guilty by the jury on only one count, which, logically, would have required a finding of guilty on the other two. On appeal, the government offered an elaborate explanation of the possible reasoning of the jury in an effort to support the consistency of the verdicts. Justice Holmes declined to adopt the government's theory and answered instead: "Consistency in the verdict is not necessary. Each count in an indictment is regarded as if it was a separate indictment." Id., 393. He went on to state: "That the verdict may have been the result of compromise, or of a mistake on the part of the jury, is possible. But verdicts cannot be upset by speculation or inquiry into such matters." Id., 394. This principle of judicial review enjoys vitality in the federal courts; see, e.g., *Hamling* v. *United States,* 418 U.S. 87, 101, 94 S. Ct. 2887, 41 L. Ed. 2d 590 (1974); *United States* v. *Dotterweich,* 320 U.S. 277, 279, 64 S. Ct. 134, 88 L. Ed. 48 (1943); *United States* v. *West,* 549 F.2d 545 (8th Cir. 1977); *United States* v. *Fuiman,* 546 F.2d 1155 (5th Cir. 1977); *United States* v. *Miller,* 546 F.2d

320 (9th Cir. 1976); *United States* v. *Serlin,* 538 F.2d 737 (7th Cir. 1976); *United States* v. *Zane,* 495 F.2d 683 (2d Cir. 1974); *United States* v. *Handel,* 464 F.2d 679 (2d Cir.), cert. denied, 409 U.S. 984, 93 S. Ct. 326, 34 L. Ed. 2d 249 (1972); *United States* v. *Catalano,* 439 F.2d 1100 (2d Cir.), cert. denied, 404 U.S. 825, 92 S. Ct. 56, 30 L. Ed. 2d 53 (1971); *United States* v. *Carbone,* 378 F.2d 420 (2d Cir.), cert. denied, 389 U.S. 914, 88 S. Ct. 242, 19 L. Ed. 2d 262 (1967); has been adopted by the majority of state courts; see, generally, notes, 18 A.L.R.3d 259; 16 A.L.R.3d 866; 22 A.L.R.3d 717; 76 Am. Jur. 2d, Trial § 1136; and was recognized by this court in *State* v. *Whiteside,* 148 Conn. 208, 169 A.2d 260, cert. denied, 368 U.S. 830, 82 S. Ct. 52, 7 L. Ed. 2d 33 (1961), *State* v. *Manning,* 162 Conn. 112, 291 A.2d 750 (1971), and *State* v. *Benton,* 161 Conn. 404, 411, 288 A.2d 411 (1971). This is a salutary rule that "recognizes the sanctity of the jury's deliberations and the strong policy against probing into its logic or reasoning, which would open the door to interminable speculation." *United States* v. *Zane,* supra, 690; see note, 18 A.L.R.3d 259, 270.

It should be pointed out that we are not confronted with an argument that the verdicts are inconsistent as a matter of law, as we would be where the verdicts are based on a legal impossibility (e.g., conviction of one defendant and acquittal of the other in a joint trial of two alleged co-conspirators).[3] See *State* v. *Keating,* 151 Conn. 592, 595–96, 200 A.2d 724 (1964), cert. denied, 379 U.S. 963, 85 S. Ct. 654,

---

[3] See *Nigro* v. *United States,* 117 F.2d 624 (8th Cir. 1941); *State* v. *Smith,* 117 Ark. 384, 175 S.W. 392 (1915). Prosecution of one co-conspirator, however, has been held not to be barred where the single other co-conspirator has not been apprehended. See *Rosenthal* v. *United States,* 45 F.2d 1000 (8th Cir. 1930).

13 L. Ed. 2d 557 (1965). Instead, the defendant claims that the verdicts are factually inconsistent because the acquittal on the larceny count reflected the jury's conclusion that the defendant lacked the specific intent necessary to commit larceny.

Although it is true that the state must prove the same criminal intent in a conspiracy prosecution as it would in a prosecution for the underlying offense; see *Ingram* v. *United States,* 360 U.S. 672, 678, 79 S. Ct. 1314, 3 L. Ed. 2d 1503 (1959) ; 72 Harv. L. Rev. 920, 939 (1959) ; we see no reason to ascribe to the jury's verdict of not guilty on the larceny count a conclusion that the defendant did not possess the requisite intent to commit larceny. Conspiracy to commit larceny and larceny are two distinct crimes, each with different elements. *Pinkerton* v. *United States,* 328 U.S. 640, 643, 66 S. Ct. 1180, 90 L. Ed. 1489 (1946) ; see *State* v. *Johnson,* 162 Conn. 215, 219, 292 A.2d 903 (1972). There is no reason to assume that the jury, by their verdict on the larceny count, concluded that one element (intent) was lacking in proof and not another. Even if that were the jury's conclusion, however, it would be limited in effect to the time at which the crime of larceny would have been committed and would not preclude a finding that the defendant intended to commit larceny at the earlier time at which the agreement was made. The gravamen of the crime of conspiracy is the unlawful combination and an act done in pursuance thereof, not the accomplishment of the objective of the conspiracy. *State* v. *Devine,* 149 Conn. 640, 647, 183 A.2d 612, cert. denied, 371 U.S. 930, 83 S. Ct. 303, 9 L. Ed. 2d 237 (1962) ; see *State* v. *DiBella,* 157 Conn. 330, 337, 254 A.2d 477 (1968). Hence, our review of the sufficiency of the evidence is directed only to the time at which the crime of

conspiracy was alleged to have been committed, and is not affected by the defendant's later state of mind. See 1 Wharton, Criminal Law and Procedure (12th Ed.) § 63. It has been said that where the underlying offense and the conspiracy contain different elements, or where the conduct charged occurred at different times or in different places, or involved different property or different victims, a rational basis exists to explain apparently inconsistent verdicts. 4 Wharton, Criminal Procedure § 575; 76 Am. Jur. 2d, Trial § 1158. The evidence summarized above demonstrates that this reasoning is particularly applicable here.

Finally, it would be anomalous indeed for this court to upset a guilty verdict on one count that may reflect the jury's lenity on the ground that it is somehow inconsistent with an acquittal on another count. It was the jury's prerogative to act as they did and it is essential to the preservation of the right to a trial by jury that their conclusions be respected. See *Dunn* v. *United States,* 284 U.S. 390, 393, 52 S. Ct. 189, 76 L. Ed. 356 (1932), quoting *Steckler* v. *United States,* 7 F.2d 59, 60 (2d Cir. 1925).

## II

We take up the claim that the court erred in allowing into evidence testimony regarding banking transactions and certain statements of Lally, the alleged co-conspirator. We do not decide this claim on the merits inasmuch as the defendant has failed to follow our established rules of practice. Section 3060F (c) (3) of the 1978 Practice Book required the appellant to include in his brief a summary of the evidence introduced; the ground for its introduction; the objection and the ground on which it is based; the ruling of the court; and any exception

that was taken. See *State* v. *Roberson*, 173 Conn. 97, 101, 376 A.2d 1089 (1977); *Maciejewska* v. *Lombard Bros., Inc.*, 171 Conn. 35, 37, 368 A.2d 206 (1976). The defendant has presented us with no reason to disregard this rule, and our review of the record discloses none.

There is no error.

In this opinion the other judges concurred.