[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an appeal by Ruth Tychsen Dwyer, Trustee of The Ruth Tychsen Dwyer Revocable Trust Agreement Dated February 16, 1994, from the assessment of damages in the amount of $1,000 paid by the defendant for the partial taking by eminent domain on March 25, 1996, of her property situated on the westerly side of and known as 261 Salmon Brook Street in the Town of Granby. CT Page 3270
The premises taken consist of a permanent easement to construct, maintain, repair and replace a public sidewalk on or over a strip of land, situated in the Town of Granby and more particularly bounded and described as follows:
NORTHERLY: By land now or formerly of Manitook Apartments, Inc., that distance required to connect the easterly and westerly boundaries of this easement, being approximately 10 feet;
EASTERLY: By the westerly line of Salmon Brook Street;
SOUTHERLY: By land now or formerly of Granby Homes For Senior Citizens, Inc., that distance required to connect the easterly and westerly boundaries of this easement, being approximately 10 feet; and
WESTERLY: By a line 10 feet westerly of and parallel to the westerly line of Salmon Brook Street;
Being the easterly 10 feet of premises more particularly described in a certain quitclaim deed of Ruth Tychsen Dwyer to Ruth Tychsen Dwyer, Trustee,, dated February 16, 1994, and recorded in the Granby Land Records in Volume 195, at Page 97.
At the time of taking, the property consisted of a single parcel of land containing 1.496 acres improved with a 4,400 square foot two-story wood frame multi-family dwelling constructed over a century ago with an addition about 1920. The property is further improved with a detached garage and shed. It is zoned Office Park and located in the central business district of the town. The town installed a four-foot sidewalk within the easement after its acquisition, more or less along the westerly line of the easement, leaving a clearance of about six feet from the pavement of the busy highway.
On December 7, 1994, the Town of Granby adopted an ordinance imposing upon property owners abutting a street the legal obligation for snow and ice removal from a public sidewalk and responsibility for injuries and damage proximately caused by the property owner's breach of such duty, which formerly was the obligation of the town. In the opinion of the plaintiff's appraiser, the sidewalk has been installed for the benefit of the general public of the whole town in its central business area. His conclusion was that the installation of the public sidewalk will have an adverse effect upon the value of the property in the CT Page 3271 amount of 10% of the before value, which he found to be $300,000 based on comparable sales. Damages, therefore, he estimated to be $30,000.
The defendant's appraiser also utilized the sales comparison approach in ascertaining his valuation before the taking. He found the before taking value of the property to be $200,000. In determining valuation after the taking, he allocated nominal damages for the sidewalk easement, or $1,000, thereby calculating the after taking value to be $199,000. As an alternative supporting this conclusion, he capitalized at 10% the cost of snow removal four times a year, at $25 per snow storm for a total of $100, indicating total damages at $1,000.
The two appraisers disagreed on the highest and best use of the property. The plaintiff's expert found the highest and best use to be a continuation of its present use as an apartment dwelling. The defendant's appraiser found the highest and best use to be its utilization as a partial owner occupied multi-family dwelling and or partial owner occupied office/multi-family dwelling. The court agrees with the latter finding. There is a good potential for its future use as an office building, at least in part.
The taking here has been substantial in scope. The taking of the public sidewalk easement totaled about 2,480 square feet, being 10 feet wide and about 248 feet long adjoining the highway pavement. The entire street frontage for a depth of 10 feet has been taken.
The owner of property taken by eminent domain is entitled to fair and just compensation. The taking in this instance by the Town of Granby of a portion of the plaintiff's property for a permanent easement for a public sidewalk is legally the equivalent of a taking for highway purposes. The laws pertaining to their acquisition by eminent domain, their assessment of direct and any severance damage, and the relationship of the interest taken to the fee of the entirety are the same. In the case of highways laid out by towns, all that is taken is an easement for highway purposes. Under the state's statutory power of eminent domain, it must be assumed that the legislature intended a taking of the same nature. This is a less estate than the fee obtained by a warranty deed. Kratochvil v. Cox,129 Conn. 246, 249 (1942). CT Page 3272
"A highway is nothing but an easement, comprehending merely the right of all the individuals in the community to pass and repass, with the incidental right in the public to do all of the acts necessary to keep it in repair." Arborio v. HartfordElectric Light Co., 130 Conn. 592, 596 (1944) quoting Judge Swift in Peck v. Smith, 1 Conn. 103, 132. The same law applies in the fair and just valuation of sidewalk easements taken by condemnation as applies to the valuation of highway easements taken under the same authority. The town's ordinance relating to removal of snow and ice from public sidewalks has no relevance to the fair and just valuation of property taken by condemnation for a public sidewalk. The ordinance imposes a duty equally upon all owners of property in town having a public sidewalk.
"When part of a tract of land is taken for public use, `just compensation includes recovery for the part taken and for any damages visited upon the remainder which result from the taking.Bowen v. Ives, 171 Conn. 231, 236, 368 A.2d 82;Meriden v. Highway Commissioner, 169 Conn. 655, 659,363 A.2d 1091. Damages are measured by application of the `before and after rule.' Ibid. The court must `determine the difference between the market value of the whole tract as it lay before the taking and the market value of what remained of it thereafter."Lefebrve v. Cox, 129 Conn. 262, 265, 28 A.2d 5.
"In a condemnation case, the referee is more than a trier of facts or an arbiter of differing opinions of witnesses. `He is charged by the General Statutes and the decisions of this court with the duty of making an independent determination of value and fair compensation in the light of the circumstances, the evidence, his general knowledge and his viewing of the premises.'Birnbaum v. Ives, 163 Conn. 12, 21." Bowen v.Ives, 171 Conn. 231, 239.
In the performance of this duty, I find that the before taking, value of the subject property was $300,000 and that the after taking value is $295,425. Damages, therefore, are assessed at $4,575.
Judgment may enter for the plaintiff in the amount of $4,575, less $1,000 already paid, or an excess of $3,575, with interest on such excess at 8% per annum from the date of taking to the date of payment, together with costs and a reasonable appraisal fee of $800. CT Page 3273
William C. Bieluch Judge Trial Referee