[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR CONTEMPT (#171)
The Defendant has requested that the Plaintiff be adjudged in contempt for his failure to pay alimony in the amount of $3000 per month for the months of August, September, and October 1999 and requested an award for counsel fees for services required as a result of this failure.
On September 30, 1996, the Plaintiff was ordered to pay alimony pendente lite in the amount of $3000 per month. This order has continued to the present time. No motion for modification was filed by the Plaintiff prior to the October 18, 1999 hearing on this motion.
Since commencing this action, Plaintiff has filed a number of financial affidavits. He has consistently claimed a total lack of earnings and has reported expenses between $686 and $1888 per week.
Prior to the instant motion, the Defendant had filed seven motions for contempt for the Plaintiffs failure to pay pendente alimony orders, i.e; October 22, 1996, December 18, 1996, March 19, 1997, May 12, 1997, August 4, 1997, January 13, 1998, and August 20, 1999. In addition, motions for contempt for other reasons were filed during this period.
Plaintiff acknowledges that his last payment of pendente alimony payment was made in July 1999. He claims, however, that he should not be held in contempt because he is, and has been, unable to make payments after July because of his total lack of earnings. Plaintiff is the sole shareholder of the corporation by which he is employed. He has total control of the amounts, time, and the nature of payments made to him by the corporation. The court finds, contrary to Plaintiffs claim, that he received, compensation from his corporation for work in amounts sufficient to enable him to make the ordered payments. In the first eight months of 1999, he received payments totaling $31,000. In addition, Plaintiffs income has increased by $1,200 per month above the amount at the time of commencement of this action as a result of the addition of his social security payments.
The Plaintiff had the burden to prove his inability to comply with the court order. Leslie vs. Leslie, 174 Conn. 339, 403
(1978). The Plaintiff failed to satisfy this burden.
Defendant also claimed that his business was about to close CT Page 15353 for lack of revenue and that this would soon result in removing his source of any funds for payments. This claim is not credible. The Defendant has made the same claim, time and again, over the period of this litigation. Contrary to his assertions, the corporation's gross receipts have remained reasonably constant from 1996 through 1998 and substantially increased in 1999, as follows:
 1996 — $152,871; 1997 — $168,099; 1998 — $144,759; 1999 — January 1 through August 1999 — $134,036 (or an annual rate of $201,000).
Despite his claim of lack of funds, the Plaintiff remains part owner of an airplane (omitted from his October 14, 1999 financial affidavit) which he flies to and from work and regularly uses for pleasure.
The court finds that the Plaintiff has wilfully failed to comply with the order to pay alimony pendente lite. The court finds an arrearage, through October 31, 1999, in the amount of $9,000. The court finds the Plaintiff in contempt for this failure to pay and orders the Plaintiff to pay Defendant the sum of $9000 on or before December 15, 1999. In addition, the Plaintiff shall pay the Defendant the sum of $1856.25 for legal fees incurred with prosecution of this motion for contempt, said payment to be made on or before December 31, 1999.
HILLER, J.