15-2445
Forbes v. Lynch

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14ᵗʰ day of March, two thousand sixteen.

PRESENT:

    Ralph K. Winter,
    Dennis Jacobs,
    Gerard E. Lynch,
        *Circuit Judges*.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
Rasmiean Ahijan Hassan Forbes,

      *Petitioner,*

         -v.-                   15-2445
                                    NAC

Loretta E. Lynch, United States Attorney General,

      *Respondent.*[*]
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**FOR PETITIONER:**           Renee C. Redman, Law Office of Renee C. Redman LLC, New Haven, CT

**FOR RESPONDENT:**         Benjamin C. Mizer, Principal Deputy Assistant Attorney General, Holly M. Smith, Senior Litigation Counsel,

---

[*] We direct the Clerk of Court to amend the caption as noted.

Joseph D. Hardy, Trial Attorney, Office of Immigration Litigation, Civil Division, U.S. Department of Justice, Washington, D.C.

Petition for review of a final decision of the Board of Immigration Appeals.

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the petition for review is **DENIED** and that the motion for a stay of deportation is **DENIED** as moot.

Petitioner Rasmiean Ahijan Hassan Forbes petitions for review of a March 2015 decision of the Board of Immigration Appeals ("BIA") denying his motion to reconsider removal proceedings. Petitioner also asks that we stay his removal. Respondent moves to dismiss for lack of jurisdiction. We assume familiarity with the facts, the procedural history, and the scope of the issues presented on appeal.

"We review the BIA's denial of a motion to reconsider for abuse of discretion." Nolasco v. Holder, 637 F.3d 159, 162 (2d Cir. 2011). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." Kaur v. BIA, 413 F.3d 232, 233-34 (2d Cir.2005) (*per curiam*) (quoting Zhao v. U.S. Dep't of Justice, 265 F.3d 83, 93 (2d Cir.

2

2001).  Even if the BIA errs, a ruling will not be overturned if it was harmless.  See Adjin v. Bureau of Citizenship & Immigration Servs., 437 F.3d 261, 266 (2d Cir. 2006); Lin v. Gonzalez, 150 Fed.Appx. 60, 61 (2d Cir. 2005).

Petitioner argues that the BIA, in denying his motion to reconsider, departed without explanation from its decision in In re Garcia-Madruga, 24 I. & N. 436 (BIA 2008) by not examining whether third degree larceny under Connecticut law always has a "without consent" element.  In Garcia-Madruga, the BIA determined that, as a deportable aggravated felony, a "theft offense . . . consists of the taking of, or exercise of control over, property *without consent* whenever there is criminal intent to deprive the owner of the rights and benefit of ownership, even if such deprivation is less than total or permanent."  Id. at 440-41 (emphasis added and footnote omitted).  The BIA noted there that a "theft offense" is generally different from an "offense that involves fraud or deceit," in that the latter "ordinarily involves the taking or acquisition of property *with consent* that has been fraudulently obtained."  Id. at 440 (emphasis added).

In applying Garcia-Madruga to the present matter, the BIA would need to determine whether Connecticut's third degree larceny statute, Conn. Gen. Stat. § 53a-124, always--for all possible crimes--has a "without consent" element.  See Dickson v. Ashcroft, 346 F.3d 44, 48 (2d Cir. 2003) (describing the

3

"categorical approach" to criminal statutory interpretation whereby "every set of facts violating a statute must satisfy the criteria for removability in order for a crime to amount to a removable offense").

However, even if the BIA departed from Garcia-Madruga by not analyzing whether Connecticut third degree larceny law has a "without consent" requirement, any such oversight was harmless because under applicable state and federal precedent Section 53a-124 has a "without consent" requirement. See State v. Huot, 170 Conn. 463, 467-68 (1976) ("The elements of larceny, on the other hand, are: (1) the wrongful taking or carrying away of the personal property of another; (2) the existence of a felonious intent in the taker to deprive the owner of it permanently; and (3) the lack of the consent of the owner.") (internal quotation marks omitted); State v. Calonico, 256 Conn. 135, 154 (2001) (noting that, even though Conn. Gen. Stat. § 53a-119, which defines larceny for purposes of § 53a-124, does not "specifically enumerate[] lack of consent as an element of larceny," Connecticut law recognizes that "a conviction for larceny cannot stand when the property is taken with the knowing consent of the owner") (internal modifications and citation omitted).  And, courts in Connecticut have applied the "without consent" requirement to fraud-like claims brought under § 53a-124.  See State v. Torres, 111 Conn.App. 575, 584 (2008), cert. denied, 290

4

Conn. 907 (2009) (noting the "lack of consent" requirement for third degree larceny in a case where defendant deposited forged cashier checks).

Finally, in Almeida v. Holder, we held that second degree larceny under Connecticut law "categorically qualifies as a 'theft offense.'" 588 F.3d 778, 790 (2d Cir. 2009). Although that case involved second degree larceny, it rested on an interpretation of Conn. Gen. Stat. § 53a-119, id. at 786, which defines larceny for both second and third degree larceny. See Conn. Gen. Stat. § 53a-123; Conn. Gen. Stat. § 53a-124. Moreover, that decision came after Garcia-Madruga and made no suggestion that Garcia-Madruga had any bearing on the issue.

In sum, any error by the BIA was harmless because "we can state with confidence that the [the BIA] would adhere to [its] decision if we were to remand." See Xiao Ji Chen v. USDOJ, 434 F.3d 144, 158 (2d Cir. 2006). A stay of removal would therefore be inappropriate. See Nken v. Holder, 556 U.S. 418, 433-34 (2009) ("The party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion.").

Moreover, petitioner raised the Garcia-Madruga issue in his direct appeal from the IJ's ruling to the BIA, which rejected the argument. Denial of the motion to reconsider, which merely rehashed the argument rejected in the BIA's earlier decision, was not an abuse of discretion. See Liu v. Gonzalez, 439 F.3d 109,

5

111 (2d Cir. 2006) (*per curiam*).  The petition for review of the denial of the motion for reconsideration is, therefore, frivolous, and we deny it.  See <u>Fitzgerald v. First East Seventh Street Tenants Corp.</u>, 221 F.3d 362, 364 (2d Cir. 2000).

For the forgoing reasons, we order that the petition for review is DENIED and the motion for a stay of deportation is DENIED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

6