STATE OF CONNECTICUT *v.* RICHARD A. GIORGIO
(two cases)

HOUSE, C. J., LOISELLE, BOGDANSKI, LONGO and BARBER, JS.

Argued October 14—decision released November 25, 1975

*Barry B. Johnson,* for the appellant (defendant).

*William F. Gallagher,* special assistant state's attorney, with whom, on the brief, were *Arnold*

*Markle,* state's attorney, and *Richard P. Sperandeo,* chief assistant state's attorney, for the appellee (state).

BOGDANSKI, J. The sole issue presented by this appeal is whether the trial court committed error in denying the defendant's motion to withdraw his pleas of guilty.

The defendant, Richard A. Giorgio, was charged with two counts of rape in the first degree and four counts of risk of injury in connection with an incident occurring on August 24, 1972. In another case, he was charged with escape from a correctional institution and assault in the second degree. He pleaded not guilty to the charges in both cases and elected a trial by jury.

On January 10, 1974, the trial court ordered that a panel be drawn from which a jury could be selected to try Giorgio and two additional defendants. The panel was not summoned to court, however, in order that negotiations between Giorgio's attorney and the assistant state's attorney relative to a disposition of both cases could be further pursued. Negotiations continued for several days. On January 16, 1974, Giorgio changed his pleas to guilty to one count of rape, two counts of risk of injury, and escape from a correctional institution. Because Giorgio's attorney informed the assistant state's attorney that Giorgio was fearful of physical harm coming to him if he were incarcerated at the correctional institution at Somers, the assistant state's attorney communicated with the commissioner of correction, John R. Manson, concerning the matter and was advised that every effort would be made to transfer Giorgio to a correctional institution in a neighboring state.

The unchallenged finding discloses that at the time Giorgio changed his pleas, the state informed the court that it was prepared to prove the following facts: that Giorgio, in the company of a minor girl and three male companions, assisted two minor runaway girls, aged fourteen, who were confined to the Hallbrook Hospital in Westport, in leaving that hospital without permission; that the runaway girls were brought to the home of one of the male companions in East Haven where they were given pills of a narcotic nature; that Giorgio was present when the pills were given to the girls, and that he had relations with both girls while they were under the influence of those pills. It was further revealed that the state was prepared to prove that Giorgio attempted an escape from jail, but was apprehended after he had left the window of the jail. No objections were made by Giorgio or his attorney to any portion of that recitation of facts by the state.

The court thereafter asked Giorgio if he had discussed the charges against him with his attorney. Giorgio answered that he had. He was asked whether he had discussed his pleas of guilty with his attorney and whether he was satisfied with his attorney's advice and assistance. He said, "Yes." He was asked if he had discussed the penalties with his attorney; if he understood that the court made up its own mind as to what penalties to impose; and if he was entering the pleas of guilty voluntarily and of his own free will; to all of which questions Giorgio answered, "Yes." He was then asked if anyone was "putting any heat" on him to enter the pleas. He answered, "No." He was asked if he understood that by entering the pleas of guilty he was giving up his right to a trial of the four charges. He again answered, "Yes." The court then found

that the pleas were entered voluntarily, with full understanding of the offenses charged and after adequate and effective assistance of counsel, and ordered a finding of guilty entered on each charge. The cases were then continued to February 8, 1974, for the preparation of a presentence investigation and report.

While being interviewed in connection with the presentence investigation, Giorgio told a member of the probation office that he wished to be represented by other counsel and that he wanted permission to withdraw his pleas of guilty. His counsel's motion to withdraw and Giorgio's oral motion to vacate the pleas of guilty were heard on February 6, 1974. Giorgio told the court that he felt he was misled into pleading guilty and that he would like another attorney. At the hearing Giorgio's attorney urged the court to grant the motion to vacate the pleas. He then said he had nothing further to say unless his client Giorgio did. Giorgio indicated that he did not. Nothing was said, however, as to how Giorgio was "misled."

The court then stated: "Well, the record should indicate that I was prepared to sit as the trial judge in the case. I assigned the matter for trial before me. I waited the three or four days of negotiations that were conducted. I took the plea and I recall the statements that were put on the record at that time concerning the negotiations and details of the two alleged crimes and the plea. . . . In my opinion, Mr. Giorgio was not misled. I think he was fully advised of everything that went on. I think what he is attempting to do at this time is to delay the entire matter. And so I am finding that the motion that he has requested to withdraw his plea is solely for the purpose of delay."

The defendant contends that the court erred in reaching the conclusions that Giorgio was not misled and that the motion to withdraw his guilty pleas was made solely for the purpose of delay. The trial court's conclusions must be tested by the finding. *State* v. *Villafane,* 164 Conn. 637, 638, 325 A.2d 251; *State* v. *Perkins,* 146 Conn. 518, 522, 152 A.2d 627. A conclusion must stand unless it is legally or logically inconsistent with the facts found or unless it involves the application of an erroneous rule of law. *Hutensky* v. *Avon,* 163 Conn. 433, 437, 311 A.2d 92; *Johnston Jewels, Ltd.* v. *Leonard,* 156 Conn. 75, 79, 239 A.2d 500. There is nothing in the finding nor in the record which indicates that the defendant was misled. The unchallenged finding discloses that neither Giorgio nor his attorney attempted to explain how he was "misled." The finding, in fact, reveals that there was ample evidence showing that Giorgio was fully apprised of the circumstances relevant to the disposition of his case. He was properly questioned according to the constitutional requirements stated in *Boykin* v. *Alabama,* 395 U.S. 238, 242, 89 S. Ct. 1709, 23 L. Ed. 2d 274. Moreover, the evidence that the state responded to Giorgio's fear of being confined to the correctional institution at Somers suggests that Giorgio took part in the aforesaid negotiations.

The court found that the guilty pleas were entered with full understanding of the offenses charged, and there is ample evidence in the record to support that finding. The court's conclusion that the defendant was not misled has an adequate basis in the record and cannot be disturbed. Similarly, since the finding discloses that the selection of the jury was held up in order that plea bargaining could continue, and since the court found that the guilty

pleas were entered voluntarily with full understanding of the offenses charged and after effective assistance of counsel, and since the only ground urged to support the motion for withdrawal was the bald statement that the defendant was "misled," the court's conclusion that the motion to withdraw the pleas of guilty was made solely for the purposes of delay is also adequately supported.

It is further urged that because a lengthy delay would not have resulted from permitting Giorgio to change his pleas, the court abused its discretion in failing to allow him to do so. This contention is without merit. A defendant has no absolute right to withdraw a plea of guilty. *United States* v. *Giuliano,* 348 F.2d 217, 221 (2d Cir.), cert. denied, 382 U.S. 946, 86 S. Ct. 406, 15 L. Ed. 2d 354. A guilty plea cannot, in the absence of a statute permitting it, be withdrawn except by leave of court, and it lies within the sound discretion of the court to permit it to be done. *State* v. *Brown,* 157 Conn. 492, 496, 255 A.2d 612. When, however, a plea of guilty is not voluntarily and intelligently made, the court should permit its withdrawal. See *Boykin* v. *Alabama,* supra; *Dukes* v. *Warden,* 161 Conn. 337, 343, 288 A.2d 58, aff'd, 406 U.S. 250, 92 S. Ct. 1551, 32 L. Ed. 2d 45; *Consiglio* v. *Warden,* 160 Conn. 151, 160, 276 A.2d 773. Moreover, if for any other reason the granting of a motion to withdraw a guilty plea "seems fair and just," the court, in the exercise of its discretion, may permit a defendant to substitute a plea of not guilty and proceed to trial. *Kercheval* v. *United States,* 274 U.S. 220, 224, 47 S. Ct. 582, 71 L. Ed. 1009; *State* v. *Brown,* supra; see *State* v. *Maresca,* 85 Conn. 509, 83 A.2d 635.

Although delay is a form of prejudice to the state which ordinarily justifies denial of a motion to with-

draw a plea, and in *State* v. *Brown,* supra, delay was characterized as one of the usual reasons to deny such a motion, this court has never held that a motion to withdraw a plea must be granted whenever it is timely made. To the contrary, the granting of such a motion is not necessarily dependent upon when the request is made, but rather, on whether it would be "fair and just under all the circumstances" to do so. *Kercheval* v. *United States,* supra; *State* v. *Maresca,* supra. In view of the circumstances that were before the trial court, we cannot conclude that the court abused its discretion in denying the motion for a change of pleas.

There is no error.

In this opinion the other judges concurred.