STATE OF CONNECTICUT *v.* DAVID E. COLLINS

COTTER, C. J., LOISELLE, BOGDANSKI, SPEZIALE and PETERS, Js.

Argued May 11—decision released August 15, 1978

*Louis S. Avitabile,* special public defender, for the appellant (defendant).

*Bradford J. Ward,* assistant state's attorney, with whom, on the brief, was *Francis M. McDonald, Jr.,* state's attorney, for the appellee (state).

SPEZIALE, J. The issue presented on this appeal is whether the trial court erred in denying the defendant's oral motion to withdraw his guilty plea after sentence had been imposed.

The pertinent facts are substantially as follows: On June 24, 1976, the defendant, David E. Collins, with the aid of a former prisoner, escaped from

the federal penitentiary at Lewisburg, Pennsylvania, where he had been serving a fifteen year sentence imposed by the federal court for the district of Connecticut. On June 25, 1976, at approximately 11:45 p.m., the defendant and his companion were stopped by a Connecticut state police officer on interstate route 84 in Middlebury. The trooper ordered the two from the vehicle. The defendant allegedly shot the trooper in the right arm, and, after a chase in which another trooper assisted, the defendant and his companion were apprehended and taken into state custody.

On June 29, 1976, the defendant was charged by substitute information in two counts: criminal attempt at murder and larceny in the second degree. On July 6, 1976, the defendant pleaded not guilty and elected a trial by jury. Subsequently, a second substitute information was filed, adding a third count: assault in the first degree. Thereupon the defendant withdrew his prior pleas and elections and, after a hearing before the court (*Matzkin, J.*), entered a plea of guilty to the charge of assault in the first degree. The state then entered a nolle on each of the other two charges.

The defendant appeared for sentencing on September 10, 1976. The court (*Saden, J.*) ordered that the defendant serve a term of seven and one-half to fifteen years, "the sentence . . . [to] run consecutive to any outstanding sentence in any other court that this defendant may have resting against him." The defendant objected immediately, saying, "I want to withdraw my plea, if that's the case." Defense counsel then stated: "[H]e wishes to withdraw his plea because he feels it is not the plea bargaining. The bargaining is he should have a

sentence of seven and a half to fifteen years, period." The court refused to permit withdrawal of the plea, at which point counsel for the defendant claimed "[f]or the record, he is under a misunderstanding, then . . . of what the sentence was."

The defendant's assignment of errors rests upon two arguments. He contends that the state broke its promise "because the sentence given to the defendant was not the sentence for which the defendant had bargained." He also claims error in the court's conclusion that, as a matter of law, state and federal sentences run consecutively rather than concurrently. This appeal does not, however, concern promises broken by the state; cf. *Santobello* v. *New York,* 404 U.S. 257, 92 S. Ct. 495, 30 L. Ed. 2d 427 (1971); because the substance of the promise was never clearly and fully communicated. Furthermore, because we decide that the guilty plea itself was not valid, we need not reach the merits of the defendant's claim that, when no directions are given, a sentence is presumed to run concurrently with any outstanding term.

In order for a plea of guilty to be constitutionally valid, it must be *"equally* voluntary and knowing . . . . it cannot be truly voluntary unless the defendant possesses an understanding of the law in relation to the facts." (Emphasis added.) *McCarthy* v. *United States,* 394 U.S. 459, 466, 89 S. Ct. 1166, 22 L. Ed. 2d 418 (1969); *Boykin* v. *Alabama,* 395 U.S. 238, 242, 89 S. Ct. 1709, 23 L. Ed. 2d 274 (1969); *State* v. *Marra,* 174 Conn. 338, 340, 387 A.2d 550 (1978); *Consiglio* v. *Warden,* 160 Conn. 151, 162, 276 A.2d 773 (1970). An understanding of the law in relation to the facts must include all relevant information concerning the sentence. The length of

time a defendant may have to spend in prison is clearly crucial to a decision of whether or not to plead guilty. At the time that the defendant entered his plea of guilty, however, there was no discussion of whether the agreed-upon sentence would run consecutively to or concurrently with any outstanding sentence. Therefore, when the defendant responded at the plea hearing that he had been informed of the maximum penalty provided by law for the offense charged, it is clear that he had not, in fact, been fully apprised of the consequences of his plea. He did not know, nor could he have been expected to know, whether federal and state sentences run concurrently or consecutively.[1] The plea was manifestly not intelligently made, and it was a denial of due process to refuse to allow the defendant to withdraw it. *State* v. *Giorgio,* 169 Conn. 624, 629, 363 A.2d 1024 (1975).

There is error, the judgment is set aside and the case is remanded with direction to permit the defendant to withdraw his plea.

In this opinion the other judges concurred.

---

[1] Indeed, even if judges and lawyers know the elements of a crime, the court is still required to confirm that the defendant also knows; "it is he who must be informed of the consequences of his plea." *Henderson* v. *Morgan,* 426 U.S. 637, 650, 96 S. Ct. 2253, 49 L. Ed. 2d 108 (1975) (White, J. concurring). Where, as here, an issue as esoteric as the running of sentences in different jurisdictions is involved, the court is all the more responsible for guaranteeing that counsel and the defendant have explored the consequences. See *Staton* v. *Warden,* 175 Conn. 328, 398 A.2d 1176 (1978). Even in a situation where only state convictions were involved, the court has informed the defendant of the likelihood that sentences would run concurrently. See *Szarwak* v. *Warden,* 167 Conn. 10, 13, 355 A.2d 49 (1974).