STATE OF CONNECTICUT *v.* VINCENT COLLINS
(13191)

PETERS, C. J., HEALEY, SHEA, GLASS and COVELLO, Js.

Argued February 10—decision released May 24, 1988

*Christopher Malany,* deputy assistant state's attorney, with whom, on the brief, was *Alice Osedach,* legal intern, for the appellant (state).

*Martin Zeldis,* assistant public defender, with whom, on the brief, was *Joette Katz,* public defender, for the appellee (defendant).

GLASS, J. This is an appeal, after a grant of certification, from a judgment of the Appellate Court reversing a conviction and remanding the matter for a new

trial, because the trial court erred in denying the defendant's motions to withdraw his guilty pleas, despite his attorney's admittedly incorrect advice given prior to these pleas. We granted the state's petition for certification limited to the issues of whether the Appellate Court erred in: (1) concluding that an unpreserved claim that the defendant was not advised of minimum and nonsuspendable minimum sentences as specified by Practice Book § 711 (2) and (3) is reviewable under *State* v. *Evans,* 165 Conn. 61, 327 A.2d 576 (1973); (2) remanding the case for an evidentiary hearing on the question of whether the defendant was actually aware of the minimum and nonsuspendable minimum sentences; and (3) setting aside the judgments of conviction without making a determination that the defendant's claim that he was unaware of the minimum and nonsuspendable minimum sentences, as specified in Practice Book § 711 (2) and (3), affected his rights as they pertained to the plea bargain to which he had agreed. We also granted the defendant's motion to submit alternate grounds upon which the judgment of the Appellate Court may be affirmed. These grounds are that: (1) the trial court erred in denying the defendant's motion to withdraw his guilty pleas made prior to sentencing when the defendant had been misinformed regarding the computation of good time upon the plea bargained sentence; and (2) the trial court erred in refusing to allow the defendant to withdraw his guilty pleas when it did not sentence him in accordance with the terms of the plea agreement. We reverse the judgment of the Appellate Court.

Although the undisputed facts are fully set forth in *State* v. *Collins,* 10 Conn. App. 659, 525 A.2d 135 (1987), we summarize those facts pertinent to this appeal. On July 25, 1984, at the Superior Court for the judicial district of Stamford-Norwalk, the defendant entered guilty pleas to four counts of robbery in the

first degree. On July 27, 1984, at the Superior Court for the judicial district of Fairfield, the defendant entered guilty pleas to one count of robbery in the first degree and two counts of reckless endangerment. On August 3, 1984, at the Superior Court in the judicial district of Ansonia-Milford, the defendant entered a guilty plea to one count of robbery in the first degree. In each case the trial court canvassed the defendant and then accepted the plea. The defendant was informed in each case by the trial court that his plea and agreed sentence was a component of one overall agreement providing for a total effective maximum sentence of seventeen years of incarceration, with the defendant having the right at sentencing to argue for a lesser sentence. The defendant did not express any misunderstanding regarding the sentence for each charge or the total effective sentence of seventeen years of incarceration.

Immediately before sentencing in the Stamford-Norwalk and Fairfield judicial districts, the defendant moved to withdraw his guilty pleas on the ground that his attorney had incorrectly advised him regarding the computation of good time for the seventeen year sentence.[1] The defendant's attorney had told him that with

---

[1] On November 1, 1984, the defendant's attorney argued a motion to withdraw his guilty pleas at his sentencing hearing in the Superior Court of the Stamford-Norwalk judicial district. On November 30, 1984, the defendant appeared for sentencing in the Superior Court of the Fairfield judicial district and argued a pro se motion to withdraw his guilty pleas to the charges pending for sentencing. Both motions were denied. In the Stamford-Norwalk judicial district, the court imposed sentences of seventeen years concurrent on five robbery charges, including a robbery charge that had been transferred from the Ansonia-Milford judicial district, making a total effective sentence of seventeen years for five counts of robbery in the first degree. In the Fairfield judicial district, the court imposed the plea bargained sentence of ten years for robbery in the first degree, and one year each on two counts of reckless endangerment, the sentences to run concurrently with each other and with the sentences imposed in the Stamford-Norwalk judicial district.

time off for good behavior, he would spend less than ten years in prison in serving the total effective sentence of seventeen years. Contrary to what his attorney had told him, the defendant argued that with good time credit, a seventeen year sentence would result in twelve years and four months of incarceration. The defendant's motions were denied.

The defendant appealed to the Appellate Court from the judgments rendered in the Stamford-Norwalk and Fairfield judicial districts claiming that: (1) in both cases the trial court erred when, prior to accepting his guilty pleas, it failed to inform him of the minimum sentences for each of the crimes with which he was charged, as required by Practice Book § 711;[2] (2) in both cases the trial court erred in failing to allow the defendant to withdraw his guilty pleas when he was misinformed by his attorney about the computation of good time on the plea bargained sentences he received; and (3) the trial court erred in refusing to allow the defendant to withdraw his guilty plea in the Ansonia-Milford judicial district when the court did not sentence him in accordance with the plea agreement. The Appellate Court found error in the refusal to grant the defendant's motions to withdraw his guilty pleas, on the first of these claims,

---

[2] "[Practice Book] Sec. 711.——ADVICE TO DEFENDANT

"The judicial authority shall not accept the plea without first addressing the defendant personally and determining that he fully understands:

"(1) The nature of the charge to which the plea is offered;

"(2) The mandatory minimum sentence, if any;

"(3) The fact that the statute for the particular offense does not permit the sentence to be suspended;

"(4) The maximum possible sentence on the charge, including, if there are several charges, the maximum sentence possible from consecutive sentences and including, when applicable, the fact that a different or additional punishment may be authorized by reason of a previous conviction; and

"(5) The fact that he has the right to plead not guilty or to persist in that plea if it has already been made, and the fact that he has the right to be tried by a jury or a judge and that at that trial he has the right to the assistance of counsel, the right to confront and cross-examine witnesses against him, and the right not to be compelled to incriminate himself."

and because of that determination did not consider the implications to be drawn from a guilty plea that is based upon misinformation about good time credits. After certification by this court, this appeal from the Appellate Court judgment ensued.

The state's primary claim is that the Appellate Court erred in concluding that an unpreserved claim that the defendant was not advised of the minimum and non-suspendable minimum sentences as specified by Practice Book § 711 (2) and (3) is reviewable under *State* v. *Evans,* supra. In *Evans,* we held that we would review a claim of error not properly preserved in the trial court under "exceptional circumstances." Id., 69. An exceptional circumstance "may arise where the record adequately supports a claim that a litigant has clearly been deprived of a fundamental constitutional right and a fair trial." Id., 70. We find that the Appellate Court properly invoked the *Evans* bypass doctrine, but not with respect to the failure to comply with Practice Book § 711 (2) and (3). See *State* v. *Wright,* 207 Conn. 276, 289, 542 A.2d 299 (1988) ("the trial court's omission in failing to advise the defendant of the mandatory minimum sentences did not implicate constitutional rights").

The essential constitutional requirements for the acceptance of a plea of guilty have been established by the United States Supreme Court. "Several federal constitutional rights are involved in a waiver that takes place when a plea of guilty is entered in a state criminal trial. First, is the privilege against compulsory self-incrimination guaranteed by the Fifth Amendment and applicable to the states by reason of the Fourteenth. *Malloy* v. *Hogan,* 378 U.S. 1 [84 S. Ct. 1489, 12 L. Ed. 2d 653 (1963)]. Second, is the right to a trial by jury. *Duncan* v. *Louisiana,* 391 U.S. 145 [88 S. Ct. 1444, 20 L. Ed. 2d 491 (1968)]. Third, is the right to confront one's accusers. *Pointer* v. *Texas,* 380 U.S. 400 [85 S.

Ct. 1065, 13 L. Ed. 2d 923 (1965)]. We cannot presume a waiver of these three important federal rights from a silent record." *Boykin* v. *Alabama,* 395 U.S. 238, 243, 89 S. Ct. 1709, 23 L. Ed. 2d 274 (1969). The *Boykin* constitutional essentials for the acceptance of a plea of guilty are included in our rules and are reflected in Practice Book § 711. The defendant argues that the trial court erred in accepting his guilty pleas without informing him of the minimum sentences mandated by each charge to which he pleaded guilty. We are unpersuaded because the defendant does not claim that the total effective seventeen year sentence imposed is any different from his plea bargained agreement, except in the case of the plea in the Ansonia-Milford judicial district.[3] Many factors may have been considered by the defendant and his attorney in determining whether to plead guilty to the charges. No doubt of great significance was the strength of the admissible evidence, the defendant's maximum exposure if convicted, and his possible release date if imprisoned. As a result of the charges brought against the defendant, he had exposure to consecutive sentences totaling one hundred twenty-two years plus a fine of $62,000. It is not unreasonable to infer that the dominant consideration in the plea negotiation by both the defendant and the state was the amount of time the defendant would have to serve if he pleaded guilty to all of the charges. See generally *State* v. *James,* 197 Conn. 358, 497 A.2d 402 (1985).

Even if the defendant cannot prevail in the argument that the Appellate Court found persuasive, that he had a constitutional right to be informed of the applicable

---

[3] The state concedes that the seventeen year concurrent sentence imposed in the case transferred from the Superior Court of the Ansonia-Milford judicial district is incorrect because the plea bargaining agreement provided for a five year concurrent sentence in that case instead of a seventeen year concurrent sentence.

minimum sentences, the defendant urges us to consider, in the alternative, his right to review of his pleas of guilty because of his misunderstanding about the sentence he would have to serve. Under Practice Book § 720,[4] a defendant may withdraw his plea of guilty or nolo contendere as a matter of right until it is accepted by the court. We have held that " 'once entered, a guilty plea cannot be withdrawn except by leave of the court, within its sound discetion, and a denial thereof is reversible only if it appears that there has been an abuse of discretion'; *Szarwak* v. *Warden,* 167 Conn. 10, 23, 355 A.2d 49 [1974]; and that '[t]he burden is always on the defendant to show a plausible reason for the withdrawal of a plea of guilty.' *State* v. *Slater,* 169 Conn. 38, 46, 362 A.2d 499 [1975]; see also *State* v. *Giorgio,* 169 Conn. 624, 629, 363 A.2d 1024 [1975]; *State* v. *Brown,* [157 Conn. 492, 495, 255 A.2d 612 (1969)]. Those statements, however, apply only to the withdrawal of pleas which are valid in the first instance." *State* v. *Battle,* 170 Conn. 469, 475–76, 365 A.2d 1100 (1976). Before the imposition of a sentence the trial court is required to permit the withdrawal of a plea of guilty upon proof of any of the grounds set forth in Practice Book § 721.[5] *State* v. *Lasher,* 190 Conn. 259, 265, 460 A.2d 970 (1983).

---

[4] "[Practice Book] Sec. 720.—WHEN ALLOWED

"A defendant may withdraw his plea of guilty or nolo contendere as a matter of right until the plea has been accepted. After acceptance, the judicial authority shall allow the defendant to withdraw his plea upon proof of one of the grounds in Sec. 721. A defendant may not withdraw his plea after the conclusion of the proceeding at which the sentence was imposed."

[5] "[Practice Book] Sec. 721.—GROUNDS

"The grounds for allowing the defendant to withdraw his plea of guilty after acceptance are as follows:

"(1) The plea was accepted without substantial compliance with Sec. 711;

"(2) The plea was involuntary, or it was entered without knowledge of the nature of the charge or without knowledge that the sentence actually imposed could be imposed;

"(3) The sentence exceeds that specified in a plea agreement which had been previously accepted, or in a plea agreement on which the court had

In this case, prior to sentencing the defendant informed the court that he had pleaded guilty because of incorrect advice that had been given him by his attorney regarding the period of actual incarceration that would result from a seventeen year sentence of imprisonment. "In order for a plea of guilty to be constitutionally valid, it must be '*equally* voluntary and knowing . . . it cannot be truly voluntary unless the defendant possesses an understanding of the law in relation to the facts.' (Emphasis added.) *McCarthy* v. *United States,* 394 U.S. 459, 466, 89 S. Ct. 1166, 22 L. Ed. 2d 418 (1969); *Boykin* v. *Alabama,* [supra, 272]; *State* v. *Marra,* 174 Conn. 338, 340, 387 A.2d 550 (1978); *Consiglio* v. *Warden,* 160 Conn. 151, 162, 276 A.2d 773 (1970). An understanding of the law in relation to the facts must include all relevant information concerning the sentence. The length of time a defendant may have to spend in prison is clearly crucial to a decision of whether or not to plead guilty." *State* v. *Collins,* 176 Conn. 7, 9–10, 404 A.2d 871 (1978). The defendant's representation that his attorney's incorrect advice had influenced his guilty pleas raises the question whether the defendant's guilty pleas conform to the requirements of Practice Book § 711, and the standards set forth in *Boykin* v. *Alabama,* supra, and *State* v. *Collins,* 176 Conn. 7, 404 A.2d 871 (1978). Because this issue was raised in timely fashion at the defendant's sentencing hearing, it is properly before us without regard to the limitations of *State* v. *Evans,* supra.

This record raises legitimate concerns that the defendant did not fully understand the consequences

deferred its decision to accept or reject the agreement at the time the plea of guilty was entered;

"(4) The plea resulted from the denial of effective assistance of counsel;

"(5) There was no factual basis for the plea; or

"(6) The plea either was not entered by a person authorized to act for a corporate defendant or was not subsequently ratified by a corporate defendant."

of his guilty pleas with respect to his possible release date if imprisoned. Resolution of this issue requires that we remand this case to the Appellate Court with direction to remand the matter to the trial court for a factual hearing.[6] If the trial court determines that the defendant would not have entered guilty pleas had he been informed that the plea bargained seventeen year sentence would have resulted in his actual incarceration of twelve years and four months instead of less than ten years as represented by his attorney, then the defendant will be permitted to withdraw his pleas. If, on the other hand, the trial court finds that the defendant would have entered guilty pleas despite this information, then the motions to withdraw his guilty pleas will be denied.

There is error, the judgment of the Appellate Court is reversed and the matter is remanded to that court with direction to remand the matter to the trial court for further proceedings consistent with this opinion.

In this opinion the other justices concurred.

---

[6] Ordinarily a claim based on an error attributed to defense counsel would be deferred for a habeas corpus proceeding. This claim, however, can properly be resolved in the trial court because the defendant's counsel has admitted that he gave the defendant incorrect advice that influenced him to plead guilty.