[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO QUASH/STRIKE
The respondent Warden has filed a motion to Quash/Strike pursuant to Practice Book Section 151 and Section 532 on the grounds that the Petition for writ of habeas corpus fails to state a claim upon which relief may be granted.
In support of the motion the respondent raises two claims: 1) that the petition does not attack the voluntary and intelligent nature of the guilty plea; and 2) that the petitioner had no cognizable right to receive notice of his appellate rights.
I. NATURE OF PROCEEDINGS
On January 31, 1979, the petitioner pled guilty to three charges, first degree burglary, first degree unlawful restraint and threatening. On February 2, 1979, the petitioner pled guilty to two other charges, first degree larceny and third degree burglary with a firearm. In neither file did the petitioner move to withdraw his pleas at the trial court. Thereafter, on March 2, 1979, the court sentenced the petitioner to ten (10) to twenty (20) years on each file, for a total effective sentence of ten (10) to twenty (20) years. The petitioner took no appeal from the conviction, and his sentence was later affirmed by the Sentence Review Division.
Thereafter, the petitioner brought petition CV-80-241702, Mathews v. Warden. In his amended petition of June 19, 1984, the petitioner alleged that his pleas were not voluntary and intelligent, in part because he was unaware of the potential minimum and maximum sentences. Although the petitioner alleged he was never informed of his right to appeal by his trial attorney, his petition did not request reinstatement of appellate rights. After hearings in December 1984 and February 1986, the petition was dismissed on December 30, 1986, and permission to appeal was denied on January 9, 1987.
The petitioner then filed a petition in the U.S. District Court, #H87-98 (TECT), Mathews v. Bronson, which encompassed the issues pursued in the state petition and additional issues. On October 11, 1988, the court dismissed the action without prejudice to renewal should the unexhausted claims be brought in state court.
In the instant petition, revised May 18, 1989, the petitioner again alleges that he was unaware of the potential minimum and maximum sentences and the right to appeal. CT Page 671 The petition now alleges that he was denied his rights to due purely insofar as he was not advised of his right to appeal the alleged defective canvas.
A prior motion to dismiss filed by the respondent was denied on the grounds that the present petition for writ of habeas corpus alleges different legal effect to the claimed canvas failure, namely a legal argument for the restoration of appellate rights.
 II. THE RESPONDENT'S CLAIM THAT THE PRESENT PETITION DOES NOT ATTACK THE VOLUNTARY AND INTELLIGENT NATURE OF THE GUILTY PLEA.
The present petition for writ of habeas corpus alleges in part that the petitioner was not informed in the canvas by the trial court when he entered his plea of guilty of the maximum sentence to which he was exposed. The petition also alleges that the petitioner was denied his rights to due process in that he was not advised of his right to appeal statutory and constitutional defects in mandatory rules of criminal procedure in his plea and sentencing proceedings.
The respondent argues that a petitioner may only challenge the voluntary and intelligent nature of his guilty pleas and that the present petition does not make such a challenge. In D'Amico v. Manson, 193 Conn. 144, 147 (1984) a petition for writ of habeas corpus was brought seeking to vacate pleas of guilty. The D'Amico Court stated in part as follows:
 Such a significant protection of liberty as a right to appeal made available to all persons convicted of crimes, must be viewed as fundamental, although its basis is statutory rather than constitutional. Coppedge v. United States, 369 U.S. 438, 441, 82 S.Ct. 917, 81 L.Ed.2d 21
(1962), Nance v. United States, 422 F.2d 590, 592
(7th Cir. 1970). In the exercise of such a right invidious discriminations, such as between rich and poor, implicate constitutional guarantees of due process and equal protection of the laws. Douglas v. California, 372 U.S. 353, 355, 83 S.Ct. 814, 9 L.Ed.2d 811, reh. denied, 373 U.S. 905, 83 S.Ct. 1288, 10 L.Ed.2d 200 (1963); Griffin v. Illinois, 351 U.S. 12, 18, 76 S.Ct. 585, 100 L.Ed. 891
(1956). Since the state has established an appellate forum, "these avenues must be kept free of unreasonable distinctions that can only impede open and equal access to the courts." Rinaldi v. CT Page 672 Yeager, 384 U.S. 305, 310, 86 S.Ct. 1497, 16 L.Ed.2d 577 (1966); see Blackledge v. Perry, 417 U.S. 21, 25, 94 S.Ct. 2098, 40 L.Ed.2d 628
(1974); Chaffin v. Stynchcombe, 412 U.S. 17, 24 n. 11, 93 S.Ct. 1977, 36 L.Ed.2d 714 (1973); Staton v. Warden, supra, 334.
 A waiver of such a fundamental right can be found only where it is clearly established that there has been "an intentional relinquishment or abandonment of a known right or privilege." Johnson v. Zerbst, 304 U.S. 458, 464, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938).
Based on the allegations that the trial court failed to question the petitioner sufficiently to ensure a knowing, voluntary and intelligent waiver of his right to stand trial the D'Amico Court reached the merits of the petitioner's claims. The D'Amico Court used the standard of a test of an intelligent relinquishment or abandonment of a known right or privilege in deciding whether a State habeas corpus petitioner has abandoned his right to appeal. As stated in State v. Collins, 207 Conn. 590, 598 (1988) the defendant's representations that his attorney's incorrect advice had influenced his guilty pleas raises a question of whether the guilty pleas conform to the requirement of Practice Book Section 711 and the standard set forth in Boykin v. Alabama,395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969) and State v. Collins, 176 Conn. 7, 404 A.2d 871 (1978). Since the petitioner's claim was not preserved before the trial court it can now be reviewed only under State v. Evans,165 Conn. 61, 327 A.2d 576 (1973). Evans holds that a claim of error not properly preserved in trial court may be reviewed under "exceptional circumstances". An "exceptional circumstance" may arise where the record adequately supports the claim that a litigant has clearly been deprived of a fundamental constitutional right and a fair trial. In State v. Collins, 176 Conn. 7 (1978) the Court at pages 9 and 10 stated in part as follows:
 In order for a plea of guilty to be constitutionally valid, it must be "equally voluntary and knowing . . . . it cannot be truly voluntary unless the defendant possesses an understanding of the law in relation to the facts." McCarthy v. United States, 394 U.S. 459, 466, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969); Boykin v. Alabama, 395 U.S. 238, 242, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969); State v. Marra, 174 Conn. 338, 340, 387 A.2d 550 (1978); Consiglio v. Warden, 160 Conn. 151, CT Page 673 162, 276 A.2d 773 (1970). An understanding of the law in relation to the facts must include all relevant information concerning the sentence. The length of time a defendant may have to spend in prison is clearly crucial to a decision of whether or not to plead guilty. (Emphasis provided.)
In accordance with Collins, supra at 9-10 this Court holds that the issue of whether or not the plea is equally voluntary and knowing based on a claim that a petitioner was not canvassed as to the maximum length of time he may have to spend in prison does challenge the voluntary and knowing aspect of the plea and therefore can be raised in a habeas corpus petition.
 III. THE RESPONDENT'S CLAIM THAT A PETITIONER HAS NO RIGHT TO RECEIVE NOTICE OF APPELLATE RIGHTS.
This claim was also effectively disposed of in D'Amico, supra. by virtue of the holding of the Court that the right to appeal must be viewed as fundamental and implicates constitutional guarantees of due process and equal protections of the laws. As such the petitioner had a right to be informed of his right to appeal.
ORDER
The motion to quash/strike is denied.
AXELROD, J.