[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION CT Page 4957
The petitioner, Michael C. Kriss, pleaded guilt to a charge of possession of narcotics, in violation of 21a-279 (a) of the General Statutes. On August 9, 1991, he was sentenced in accordance with a plea bargain for a term of four years, that sentence to run concurrently with a prior sentence on which he was a parole violator. By this writ of habeas corpus he seeks to vacate his guilty plea and his conviction.
The petitioner makes these claims as the basis for the relief sought:
 (1) That the court in accepting his guilty plea failed to determine if there was a factual basis for the plea.
 (2) That he would not have pled guilty had he known that the warden would interpret C.G.S. . . . 18-100(e), as amended by Public Act 90-261, as prohibiting the petitioner from being considered for supervised home release.
 (3) In the course of accepting the plea, the trial court failed to comply with the requirements of 711 of the Practice Book.
 I.
The petitioner was not advised of his appellate rights during the plea canvass. This fact has not been contested and the court finds that the petitioner did not deliberately bypass any right of direct appeal he may have had.
 II.
"To mount a successful collateral attack on his conviction a prisoner must demonstrate a miscarriage of justice or other prejudice and not merely an error which might entitle him to relief on appeal." D'Amico v. Manson, 193 Conn. 144, 156 (1984), citing Hill v. United States, 368 U.S. 424 (1962), citations omitted.
In this case, the canvass under attack does indicate a waiver of the right to a court or jury trial, the right to confrontation, and the right against self-incrimination. The petitioner acknowledged satisfaction with his attorney and an awareness of his exposure on the single charge to which he was pleading guilty (three additional related drug charges were nolled).
As for the factual basis for the plea, the prosecutor recited CT Page 4958 the following:
 "Date, 5-30-91. The accused resided at premises on Frist [sic] Avenue, West Haven.
He and Rita Carneria resided together.
 In a common master bedroom. Three bundles were located in plain view on top of a jewelry box.
 These three bundles contained a white powdery substance which tested positive for the presence of cocaine.
 Thus, the accused was charged with the possessory offense of cocaine."
The court then inquired "Are those facts true?", to which the petitioner responded "Yes."
Under these circumstances and the facts elicited at the habeas corpus hearing, the court must make a determination that the petitioner was prejudiced, that is, that had he received a proper and complete canvass and accurate information, and had the court inquired further as to the underlying factual basis, he would not have entered a guilty plea. State v. Collins, 207 Conn. 590
(1988).
On this record, and after hearing the petitioner and his counsel, the court does not accept that premise and concludes that, despite his protestations to the contrary, this petitioner would have entered this plea and accepted the plea bargain arrangement.
This petitioner, on August 9, 1991, the date of the plea, was no neophyte and had a thorough understanding of the criminal justice system and how drug offenses were prosecuted. (Note the attachments to petitioner's Exhibit C, a modification of sentence request). He was before the court as a prior convicted offender and parole violator. (Exhibit A, page 4).
He testified before this court that he had two roommates, apparently to suggest that others might have been the actual possessors of the narcotics, and thus strengthen his attack on the alleged failure of the trial court to make inquiry as to the factual basis for the plea, for he never told his attorney of the third occupant.
That only the petitioner and his co-defendant, his then live-in CT Page 4959 partner, occupied the rental unit and the bedroom in which the drugs were found, left his attorney with a limited area of attack. It also explains why the petitioner told the trial court the facts recited by the prosecutor were true.
With a prior sentence to complete, an exposure of thirty years on the existing charges, the realization that he or his girlfriend were going to be convicted, and his alternative proposals (Exhibit C) rejected, a defendant would have to be masochistic to reject the state's offer of four years concurrent. While it would have been "icing on the cake" to have another chance for supervised home release, this defendant pleaded guilty because he had been offered an advantageous plea bargain. It is the conclusion of the court that he had no real alternative, he knew it, and his present attack on the proceedings is an attempt to extract additional benefits from a fair disposition. It is significant to note that the petitioner's co-defendant is now an ex-girlfriend.
 III.
For the reasons set forth above, the petitioner's relief is denied.
ANTHONY V. DeMAYO, JUDGE