[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The petitioner in this action of Habeas Corpus claims that he was denied effective assistance of counsel which rendered his guilty pleas to the charges on which he is being held unknowing and involuntary.
On February 28, 1990 in the Superior Court for the CT Page 1031 Judicial District of Waterbury, he entered pleas of guilty to two counts of Sale of Narcotics in violation of Connecticut General Statutes Section 21a-277(a). On the same day he also entered a guilty plea in the Superior Court for the Judicial District of Litchfield to one count of Sale of Narcotics in violation of Connecticut General Statutes Section 21a-277(a). The Waterbury case was transferred to Litchfield to be consolidated for sentencing without any sentence recommendation. It was explicitly stated that the Litchfield Court could impose any legal sentence it deemed appropriate. There was, however, a plea agreement with respect to the Litchfield case for a sentence of ten years and an agreement was made between the State's Attorney for Litchfield County and the Petitioner for a total effective sentence of ten years.
On April 2, 1990 the agreed sentence was imposed.
The petitioner thereafter appealed his conviction to the Appellate Court claiming his pleas were not intelligently or voluntarily made in that they were made with out knowledge of the length of the term of incarceration he actually faced; that he was led to believe his term of incarceration would be significantly shorter than it actually will be; by not being apprised of the availability and procedures for Supervised Home Release; by failing to consider an alternative treatment plan based on his claimed drug-dependency. In a Per Curiam opinion the Appellate Court sustained the convictions. See State v. Membrino, 24 Conn. App. 811 (Feb. 19, 1991).
With respect to the issues raised by the petitioner the Court finds as follows:
1. Trial Counsel did not render ineffective assistance by failing to argue for a lesser sentence at the sentencing hearing. There was a plea agreement in this case for an agreed recommendation of ten years for all counts. The agreement did not include the right to argue for less.
2. Trial Counsel did not render ineffective assistance by failing to move for suspended prosecution pursuant to P.A. 89-390. The petitioner made one sale of cocaine on June 7, 1989 for $150.00. On June 30, 1989, a second sale was made which was, by pre-arrangement, to be one ounce for $1200.00, although the petitioner did not CT Page 1032 deliver the full once.
 The third sale was to have taken place on July 12, 1989 and that was to have been a $4000.00 sale of four ounces of cocaine. The transaction was aborted when the petitioner realized he was dealing with a police officer. It was alleged that the petitioner assaulted the undercover officer and that a co-participant was able to flee with the drugs, which were never recovered. Trial Counsel testified that under this scenario it was not appropriate to apply for suspension of prosecution. Although the petitioner told his attorney he was not drug-dependent, trial counsel arranged for an examination which concluded the petitioner was probably drug-dependent. That report was ultimately a factor in getting the drug charges reduced and the charge of assaulting a police officer dropped. Just prior to trial a plea-bargain was struck for reduced charges and a ten year sentence. The State's Attorney in Litchfield had been insisting on a fifteen year sentence before that time.
 Counsel is not obliged to file motions which are futile. The petitioner has not shown the probability of such a motion being successful or changing the result. Indeed it may have had an adverse effect on the ability to plea bargain these charges in the face of very strong evidence. Miller v. Angliker, 4 Conn. App. 406, 419
(1985). The same reasoning applies to the potential defense of entrapment which was discussed with the petitioner by his counsel. The chances of successfully relying on that defense at a trial would probably be poor, and this Court is not inclined to second guess counsel's strategy in handling this case as he did.
3. The main thrust of this petition appears to be the claim that trial counsel told the petitioner he could expect to serve less than one year of incarceration on a ten year sentence when in fact he will probably be incarcerated for two and one-half to three years before becoming eligible for release from incarceration. On this point the Court finds that trial counsel advised the petitioner that by pleading he would avoid the possibility of being convicted of a crime of violence — assaulting a police officer — and that he would CT Page 1033 likely do a lot less time if he accepted the plea bargain. He did not guarantee how long the petitioner would be incarcerated and he did not tell the petitioner he would serve 10% of the sentence. He told the petitioner that it would probably be advantageous in that regard to get the assault on a police officer dropped, that he could expect to actually serve much less than the ten years to be imposed, but that the Department of Corrections would determine his release date with specificity and that the Department of Corrections had the authority to make that determination.
 There is no evidence that those statements are inaccurate and trial counsel thus satisfactorily explained the consequences of his guilty pleas to the petitioner. See State v. Schaeffer, 5 Conn. App. 378, 390 (1985), State v. Collins, 176 Conn. 7 (1976).
For the foregoing reasons, the petition is dismissed.
BY THE COURT,
LAWRENCE C. KLACZAK Judge, Superior Court