STATE OF CONNECTICUT *v.* DENNIS HIGGINS
(AC 24412)

Foti, Bishop and DiPentima, Js.

---

Argued January 13—officially released April 5, 2005

*Neal Cone*, senior assistant public defender, for the appellant (defendant).

*Michele C. Lukban*, assistant state's attorney, with whom, on the brief, were *Timothy J. Liston*, state's attorney, and *John Cashmon*, supervisory assistant state's attorney, for the appellee (state).

*Opinion*

FOTI, J. The defendant, Dennis Higgins, pleaded guilty under the *Alford* doctrine[1] to one count of sale

---

[1] "Under *North Carolina* v. *Alford*, 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970), a criminal defendant is not required to admit his guilt, but consents to being punished as if he were guilty to avoid the risk of proceeding to trial. . . . A guilty plea under the *Alford* doctrine is a judicial oxymoron in that the defendant does not admit guilt but acknowledges that the state's evidence against him is so strong that he is prepared to accept the entry of a guilty plea nevertheless." (Citation omitted; internal quotation marks omitted.) *State* v. *Daniels*, 248 Conn. 64, 66–67 n.2, 726 A.2d 520 (1999).

of narcotics in violation of General Statutes § 21a-277 (a). The trial court sentenced the defendant to four and one-half years imprisonment. The defendant argues that "[his] waiver of constitutional rights has not been shown to be knowingly and intelligently made [because] the record does not show that he knew [that] if he went to trial he would have an 'impartial' jury as specified by the federal and state constitutions and also that he would be presumed innocent." We affirm the judgment of the trial court.

The prosecutor set forth the following factual basis for the defendant's plea when the court put the defendant to plea at a March 13, 2003 hearing. On February 7, 2002, law enforcement personnel from the Middletown police department and the state police were conducting undercover operations in Middletown, purchasing narcotics. Two officers drove to the area of Main and Green Streets, and, when they stopped their vehicle, the defendant approached them and asked, "What do you need?" The officers told the defendant, "We need two," conveying that they needed two pieces of crack cocaine. The defendant instructed one of the officers to exit his vehicle and motioned for Shilon Young to approach them. Young spit two pieces of cocaine from his mouth and gave them to the defendant. The defendant gave them to the officer who, in turn, handed the defendant an undisclosed amount of cash. Officers later obtained a warrant and arrested the defendant pursuant to a warrant.

The court thereafter canvassed the defendant and accepted his plea. The court found that the defendant's plea under the *Alford* doctrine to one count of sale of narcotics in violation of § 21a-277 (a) "was knowingly, voluntarily [and] understandingly made after the adequate and effective assistance of competent counsel." The court found that a factual basis for the plea existed and entered a finding of guilty to the charge. The court

sentenced the defendant, in accordance with the terms of a plea agreement, at a subsequent proceeding.

The defendant claims that his waiver of constitutional rights was neither knowing nor intelligent. In support of this claim, the defendant argues as follows: "At the canvass, no mention was made of the presumption of innocence. Also, while [the] defendant was told at the canvass that he had a right to a jury trial on the charges, no mention was made of the fact that the jury he had a right to meant one comprised of persons who would be impartial in weighing the evidence and deciding his fate. Moreover, the record in this case does not show that he learned of these rights by other means." To demonstrate that his due process rights have been violated, the defendant must demonstrate that due process required either that the court canvass him concerning his right to proceed to trial before an *impartial* jury and his right to be afforded a presumption of innocence or that the record otherwise reflects his understanding of these rights. The defendant concedes that he did not raise this due process claim before the trial court. He seeks review of his unpreserved claim under *State* v. *Golding*, 213 Conn. 233, 239–40, 567 A.2d 823 (1989).

The record is adequate for review, however, the defendant's claim fails under *Golding* because he did not have a due process right to be canvassed as to the matters he raises in this appeal, nor does due process require, as he suggests, that the record demonstrate that he "knew that if he went to trial he would have an 'impartial' jury . . . and also be presumed innocent." The defendant has raised a claim that appears to be constitutional in nature, yet, because well settled principles of due process do not require what he suggests, he cannot demonstrate that a constitutional violation clearly exists.

"The United States Supreme Court has held that for the acceptance of a guilty plea to comport with due

process, the plea must be voluntarily and knowingly entered. *Boykin* v. *Alabama*, 395 U.S. 238, 243–44, 89 S. Ct. 1709, 23 L. Ed. 2d 274 (1969). *Boykin* set forth three federal constitutional rights of which a defendant must be cognizant prior to entering a guilty plea: (1) the privilege against compulsory self-incrimination; (2) the right to trial by jury; and (3) the right to confront one's own accusers. Id., 243. Since a guilty plea constitutes a waiver of these constitutional rights, a reviewing court cannot presume from a silent record that a defendant knowingly waived these three rights." *State* v. *Carter*, 243 Conn. 392, 397, 703 A.2d 763 (1997).

"The *Boykin* constitutional essentials for the acceptance of a plea of guilty are included in our rules and are reflected in Practice Book §§ [39-19 and 39-20]. . . . Those rules provide that the trial court must not accept a guilty plea without first addressing the defendant personally in open court and determining that the defendant fully understands the items enumerated in § 39-19, and that the plea is made voluntarily pursuant to § 39-20. There is no requirement, however, that the defendant be advised of every possible consequence of such a plea. . . . Although a defendant must be aware of the direct consequences of a plea, the scope of direct consequences is very narrow. . . . In Connecticut, the direct consequences of a defendant's plea include only the mandatory minimum and maximum possible sentences; Practice Book § [39-19 (2) and (4)]; the maximum possible consecutive sentence; Practice Book § [39-19 (4)]; the possibility of additional punishment imposed because of previous conviction(s); Practice Book § [39-19 (4)]; and the fact that the particular offense does not permit a sentence to be suspended. Practice Book § [39-19 (3)] . . . . The failure to inform a defendant as to all possible indirect and collateral consequences does not render a plea unintelligent or involuntary in a constitutional sense." (Internal quota-

tion marks omitted.) *State* v. *Faraday,* 268 Conn. 174, 201–202, 842 A.2d 567 (2004).

*Boykin* requires the court to address the defendant concerning only certain core constitutional rights. Compliance with Practice Book §§ 39-19[2] and 39-20,[3] designed to satisfy the requirements of *Boykin,* affords a defendant the process that is due. See, e.g., *State* v. *Andrews,* 253 Conn. 497, 504, 752 A.2d 49 (2000); *State* v. *Domian,* 235 Conn. 679, 686–87, 668 A.2d 1333 (1996); *State* v. *Collins,* 207 Conn. 590, 596, 542 A.2d 1131 (1988); *State* v. *Badgett,* 200 Conn. 412, 418, 512 A.2d 160, cert. denied, 479 U.S. 940, 107 S. Ct. 423, 93 L. Ed. 2d 373 (1986). "While the federal constitution requires that the record of the plea canvass indicate the voluntariness of any waiver of . . . [the] three core constitutional rights [delineated in *Boykin*] . . . it does not require that the trial court go beyond these constitutional minima. . . . A defendant can voluntarily and

---

[2] Practice Book § 39-19 provides: "The judicial authority shall not accept the plea without first addressing the defendant personally and determining that he or she fully understands:

"(1) The nature of the charge to which the plea is offered;

"(2) The mandatory minimum sentence, if any;

"(3) The fact that the statute for the particular offense does not permit the sentence to be suspended;

"(4) The maximum possible sentence on the charge, including, if there are several charges, the maximum sentence possible from consecutive sentences and including, when applicable, the fact that a different or additional punishment may be authorized by reason of a previous conviction; and

"(5) The fact that he or she has the right to plead not guilty or to persist in that plea if it has already been made, and the fact that he or she has the right to be tried by a jury and a judge and that at that trial the defendant has the right to confront and cross-examine witnesses against him or her, and the right not to be compelled to incriminate himself or herself."

[3] Practice Book § 39-20 provides: "The judicial authority shall not accept a plea of guilty or nolo contendere without first determining, by addressing the defendant personally in open court, that the plea is voluntary and is not the result of force or threats or of promises apart from a plea agreement. The judicial authority shall also inquire as to whether the defendant's willingness to plead guilty or nolo contendere results from prior discussions between the prosecuting authority and the defendant or his or her counsel."

understandingly waive these rights without literal compliance with the prophylactic safeguards of Practice Book [§§ 39-19 and 39-20]. Therefore . . . precise compliance with the provisions [of the Practice Book] is not constitutionally required." (Internal quotation marks omitted.) *State* v. *Williams*, 60 Conn. App. 575, 579–80, 760 A.2d 948, cert. denied, 255 Conn. 922, 763 A.2d 1043 (2000).

The defendant does not claim that the court's canvass failed to satisfy the requirements of Practice Book §§ 39-19 and 39-20. Our review of the record reveals that the court's canvass complied with these rules of practice. The defendant was represented by counsel at the time he entered his plea. The court asked the defendant several questions concerning his plea. The defendant indicated that he had had enough time to talk to his counsel and that he was satisfied with his counsel's representation. During its canvass, the court specifically asked the defendant if he understood that by pleading guilty under the *Alford* doctrine, he was "giving up [his] right to have . . . a trial in front of a judge or a jury." The defendant replied, "Yes."

The defendant argues that, although *Boykin* requires the record to reflect a defendant's cognizance of only those rights reflected in Practice Book § 39-19,[4] "there is ample reason to expect [that] the record must also show [that a] defendant knew of, and understood, such other crucial and always applicable due process rights as the presumption of innocence, the requirement that the state prove guilt beyond a reasonable doubt and the right to an impartial fact finder." In his brief, the defendant addresses, at length, the fact that our federal and state constitutions guarantee him the right to an impartial jury and the right to be presumed innocent

---

[4] The defendant does not argue that the due process rights afforded him by our state constitution exceed those afforded him by our federal constitution.

at trial. Those rights are not at issue in this case. As explained previously, the issue of what process is due has already been answered. The due process afforded by the federal and state constitutions is afforded if the court complies with the requirements of Practice Book §§ 39-19 and 39-20. "Although our courts have held that due process requires certain inquiry of a defendant before a guilty plea may be characterized as having been both knowing and voluntary, that inquiry is not without its limits. Those limits have been delineated by [Practice Book §§ 39-19 and 39-20], and our courts have, on several occasions, upheld their constitutionality." *State* v. *Benitez*, 67 Conn. App. 36, 44–45, 786 A.2d 520 (2001), cert. denied, 259 Conn. 922, 792 A.2d 855 (2002).

The defendant in *State* v. *Benitez*, supra, 67 Conn. App. 36, appealed to this court, challenging whether his plea canvass satisfied the due process requirements of our state constitution. He argued that the canvass was defective because the court had not inquired of him whether he understood, inter alia, that "he was presumed innocent . . . if he elected to be tried before a jury, the court would instruct the jury concerning that presumption . . . [and] he was entitled to be tried before an *impartial* jury . . . ." (Emphasis in original.) Id., 38. This court held that the trial court's canvass, which complied with the requirements set forth in Practice Book §§ 39-19 and 39-20, satisfied the requirements of our state constitution. *State* v. *Benitez*, supra, 44. The trial court's compliance with Practice Book §§ 39-19 and 39-20 was all that was required; "the defendant did not have a fundamental right to be canvassed as to the rights [that he had] raised in his appeal." *State* v. *Benitez*, supra, 45.

No authority exists for the proposition that due process requires the court to canvass a defendant with regard to *every* constitutional right and privilege that is associated with a trial, or *every* consequence of a

guilty plea. A criminal defendant is entitled to many rights and privileges during a criminal trial. In this appeal, the defendant refers only to the right to an impartial jury and the right to the presumption of innocence. Under the defendant's rationale, however, a defendant could argue that due process requires the record to reflect an understanding and a voluntary waiver of each and every right subsumed within the right to a trial. Here, it was sufficient that the court address the defendant with regard to his right to a trial before a judge or a jury generally. "[T]he law ordinarily considers a waiver knowing, intelligent, and sufficiently aware if the defendant fully understands the nature of the right and how it would likely apply *in general* in the circumstances—even though the defendant may not know the *specific detailed* consequences of invoking it." (Emphasis in original; internal quotation marks omitted.) *Iowa* v. *Tovar*, 541 U.S. 77, 92, 124 S. Ct. 1379, 158 L. Ed. 2d 209 (2004).

To the extent that the defendant argues that due process requires a showing in the record, apart from a constitutionally adequate canvass, that he possessed "knowledge and understanding" of his right to an impartial jury and the fact that he would be presumed innocent at trial, this novel assertion is not supported by any authority. The United States Supreme Court, our state Supreme Court and this court already have considered the question of what process is due to ensure a voluntary and knowing waiver. We reject the defendant's invitation to go beyond what these courts have required and to graft additional requirements onto well settled requirements of due process.

The judgment is affirmed.

In this opinion the other judges concurred.