60

**Xing LIN, Petitioner,**

v.

**Alberto R. GONZALES, United States Attorney General,\* Respondent.**

Docket No. 04–0593–AG.

United States Court of Appeals, Second Circuit.

Sept. 30, 2005.

Thomas V. Massucci, New York, N.Y. (on submission), for Petitioner.

Stephen J. Sorenson, First Assistant United States Attorney, for Paul M. Warner, United States Attorney for the District of Utah, Salt Lake City, Utah (on submission), for Respondent.

Present: CALABRESI, KATZMANN, and RAGGI, Circuit Judges.

## SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the petition for review is **DENIED** and that the motion for a stay of deportation is **DENIED.**

Petitioner Xing Lin, a native and citizen of the People's Republic of China ("China"), petitions for review of a January 27, 2004 Board of Immigration Appeals ("BIA") decision denying his motion to reconsider an earlier BIA decision. We assume that the parties are familiar with the facts, the procedural history, and the scope of the issues presented on appeal.

Petitioner claims that the BIA's denial of his motion for reconsideration was arbitrary and capricious and, therefore, an abuse of the BIA's discretion, because it appeared to have overlooked an issue Lin raised in his motion. *See* 8 C.F.R. § 1003.2(a); *Ke Zhen Zhao v. U.S. Dep't of Justice,* 265 F.3d 83, 93 (2d Cir.2001). The error purportedly overlooked was the BIA's alleged failure, on direct appeal, to consider a new piece of documentary evidence from a priest in China. The BIA properly rejected that new evidence in its

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales has been substituted for former Attorney General John Ashcroft as the respondent in this case.

denial of Lin's appeal, because it was duplicative of another document that Lin had submitted to the Immigration Judge ("IJ") during his asylum proceeding. The purported omission by the BIA that Petitioner sought to correct through his motion to reconsider was therefore not actually erroneous. Accordingly, insofar as the BIA erred at all in stating that Lin had failed to assert any errors which might fall within the scope of 8 C.F.R. § 1003.2(b)(1), such error was manifestly harmless.

Having considered all of Petitioner's arguments and having found them to be without merit, we order that the petition for review is DENIED the motion for a stay of deportation is DENIED.